UNITED STATES DISTRICT COUERT
EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) CAUSE NO. 19-cv-1435 |
| | ) |
| MILLER'S ORGANIC FARM and | ) |
| AMOS MILLER, | ) |
| *Defendants.* | ) |

MEMORANDUM OF LAW IN REPONSE TO PLAINTIFF
UNITED STATES' MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION

Amos Miller is an Amish farmer who owns and operates Miller's Organic Farm in an effort to provide nutrient-dense foods to consumers who demand real foods unadulterated by chemicals. In his effort to meet the demand, Amos Miller sought the advice of an advocacy group in Dallas, Texas named ProAdvocate Group. Karl Dahlstrom, of ProAdvocate Group, convinced Amos Miller that he could contractually form a private membership association and operate in what he deemed the private domain free from government interference. Amos Miller created Miller's Organic Farm as a private membership association and began to provide nutrient-dense, real foods, uninspected by any federal agency to members who paid a fee and signed a contract to join the private membership association. Amos Miller now understands that his reliance on the legal theory propounded by Karl Dahlstrom was misplaced and is now voluntarily ceasing to operate as he has in the past and will commit to provide federally-inspected-meat to his members while creating and implementing an operation under the custom slaughter exemption.

## II. FACTS

Amos Miller concedes that he has been operating in violation of the Acts. SUMF ¶ 43. However, based upon the erroneous legal guidance of Karl Dahlstrom of ProAdvocate Group, he genuinely believed that he could contractually create a private membership association and operate in the so-called private domain free from government regulation. SUMF ¶ 44. Indeed, he consistently reiterated to the government his longstanding view that, because Miller's Organic Farm is a "private membership association," it does not have to follow federal regulatory law. SUMF ¶ 42.

Amos Miller demonstrates his corrected understanding of regulatory law. During deposition, Amos Miller testified that he, through the advice of current counsel, understands that the government may interfere with the private right of contract upon a showing of a rational basis. SUMF ¶ 45. He testified that he never intended to break the law, and he acknowledges that his reliance on Karl Dahlstrom's guidance was misplaced. Id. Amos Miller voluntarily ceased his operations and vows to make federally-inspected-meat available to members while he creates and implements an operation under the custom slaughter exemption of the Acts. Id.

## III. THE MOTION TO SHOULD BE DENIED

### a. Summary judgment standard.

The court must grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "material" when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 48 (1986). In order to establish a genuine dispute, the nonmoving party must present specific facts, rather than mere allegations or denials.

*Celotex Corp. v. Catrett*, 477 U.s. 317, 324 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(A) (party must cite "to particular parts of materials in the record, including depositions…admissions, interrogatory answers, or other materials").

Summary judgment should not be granted lightly. The grant of injunctive relief has long been recognized as an extraordinary remedy, which should be granted only in limited circumstances and only upon a showing by the moving party: (1) of the reasonable probability of eventual success in the litigation and (2) that the moving party will be irreparably injured *pendente lite* if relief is not granted. *United States v. Richlyn Labs, Inc.*, 827 F.Supp. 1145, 1150 (E.D. Pa. 1992). In addition, courts also take into account, when relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest. Id.; *citing Instant Air Freight Co. v. C.F. Air Freigth, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989); *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3rd Cir. 1982).

A different standard applies to statutory injunctions. In actions for statutory injunctions, irreparable injury is presumed as an implied finding that violations will harm the public and ought to be restrained if necessary. *United States v. Diapulse Corp. of America*, 457 F.2d 25 (2nd Cir. 1987). Therefore, the moving party must show that probable cause exists to believe the statute in question is being violated and that there is some reasonable likelihood of future violations. *United States v. Richlyn Labs, Inc.*, 827 F.Supp. at 1150*; see also Instant Air Freight Co. v. C.F. Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989). Defendants do not dispute that they have violated the provisions alleged int the government's complaint. Therefore, the only issue before his court is the reasonable likelihood of future violations.

    **b.**    **Reasonable Likelihood of Future Violations.**

The government overlooks the factors to establish standing for injunctive relief. The purpose of injunctive relief awarded pursuant to statutory authority is not to punish a violator, but to deter the violator from committing future violations. *Securities and Exchange Comm'n v. Bonastia*, 614 F.2d 908, 912 (3rd Cir. 1980). In determining whether a movant has satisfied its burden of showing a reasonable likelihood of future violations in the absence of injunctive relief, the Court may consider, among other factors, (1) the degree of scienter involved on the part of the defendant; (2) the isolated or recurrent nature of the infraction; (3) the defendant's recognition of the wrongful nature of his conduct; (4) the sincerity of the defendant's assurances against future violations; and (5) the nature of the defendant's occupation. The Courts also consider the defendant's voluntary cessation of challenged practices, the genuineness of the defendant's efforts to conform to the law, the defendant's progress toward improvement and the defendant's compliance with any recommendations made by the government. *United States v. Richlyn Labs, Inc.*, 827 F.Supp. at 1150; *U.S. v. Toys "R" Us, Inc.*, 754 F.Supp. 1050, 1058-59 (D.N.J. 1991); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). While past misconduct does not lead necessarily to the conclusion that there is a likelihood of future misconduct, the courts also look at the totality of the circumstances and any factors suggesting that the infraction might not have been an isolated occurrence. *United States v. Richlyn Labs, Inc.*, 827 F.Supp. at 1150.

Defendant Amos Miller lacks a high degree of scienter to violate the Acts. At all times, Amos Miller genuinely believed that the law permitted him to operate in the private domain free from government interference because of the poor legal advice given to him by Karl Dahlstrom of ProAdvocate Group. SUMF ¶ 44. Defendant acknowledged his new understanding that the government may interfere with the private right of contract only upon a showing of a rational basis.

Id. Certainly, Defendant's requirement of all members to contractually join his private membership association supports the lack of scienter because of Defendant's bona fide mistake of law. SUMF ¶ 5.

The summary judgment evidence shows recurrent violations. Amos Miller mistakenly believed that he could operate in the private domain unimpeded by government regulation. SUMF ¶ 44. Therefore, the violations were not isolated. This factor weighs in support of injunctive relief.

Defendant Amos Miller recognizes the wrongful nature of his conduct. Amos Miller learned from his current counsel that the government may interfere with the private right of contract upon a showing of a rational basis. SUMF ¶ 45. He testified that he now sees that Karl Dahlstrom's suggestion that he could operate legally in the so-called private domain was misplaced. Id. He understands that he cannot operate as he has in the past, and he demonstrated his commitment to operate under the custom slaughter exemption. Id.

Defendant Amos Miller is sincere in his assurance against future violations. In a footnote, the government suggest that a summary judgment hearing is unnecessary stating, "The United States' understanding is that, at any summary judgment hearing, defendants' witnesses would merely focus (as they did in the June 2016 subpoena enforcement action show cause hearing in this Court) on immaterial facts such as Miller's buyers' club members' views on the virtues of raw pure food." Memorandum of Law Supporting Plaintiff United States' Motion for Summary Judgment, p. 2, fn. 2. Such an assertion is speculative. At the very least, this Court should conduct a summary judgment hearing so that the Court may determine for itself whether Amos Miller is sincere in his assurance against future violations.

The nature of Miller's Organic Farm weighs against injunctive relief. Amos Miller is the alter ego of Miller's Organic Farm. SUMF ¶ 4. The ability to control operations lies in the hands of Amos Miller alone. Given the fact that Amos Miller relied upon an incorrect theory of the private right of contract, and having demonstrated a new understanding of rational basis review and the inaccuracy of his operation as a private membership association in the so-called private domain, Amos Miller can assure by his own actions that no future violations will occur.

Voluntary cessation weighs against injunctive relief. There is no showing that, after learning the concepts of rational basis review with regard to the private right of contract, Amos Miller continues to violate the Acts. In fact, Amos Miller testified that he will no longer operate as he did in the past. He will make federally-inspected-meat available while committing to the creation of a bona fide operation under the custom slaughter exemption for those members who demand uninspected products. SUMF ¶ 45.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Miller's Organic Farm and Amos Miller respectfully request the Court enter final summary judgment in their favor and deny permanent injunctive relief.

Respectfully submitted,

THE LAFUENTE FIRM, PLLC

   */s/ Steven Lafuente, Esq.*
Steven Lafuente, Esq.
State Bar No. 24053353
Thanksgiving Tower
1601 Elm Street, Floor 33
Dallas, Texas 75201
(214) 886-6864 (Office)
(888) 842-4248 (Facsimile)
lafuentelaw@gmail.com

**ATTORNEY FOR DEFENDANTS
MILLER'S ORGANIC FARM
AND AMOS MILLER**

## CERTIFICATE OF SERVICE

By my signature, I, the undersigned attorney, attest that a true and correct copy of the foregoing was served the United States Attorney's Office according to the Federal Rules of Civil Procedure on Monday, October 21, 2019.

   */s/ Steven Lafuente, Esq.*
Steven Lafuente, Esq.