IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :

                                :

           Plaintiff,        :         CIVIL ACTION NO. 19-1435

                                :

      v.                     :

                                :

MILLER'S ORGANIC FARM and AMOS  :
MILLER,

                                :

          Defendants.     :

## ORDER

**AND NOW**, this 28th day of April, 2020, after considering: (1) the motion to intervene filed by Miller's Food Coalition U.A. (Doc. No. 49) and (2) the response in opposition to the motion to intervene filed by the United States of America (Doc. No. 53), it is hereby **ORDERED** that the motion to intervene (Doc. No. 49) is **DENIED**.[1]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Miller's Food Coalition, U.A. ("the Coalition") moves for leave to intervene as a defendant in this matter by right under Rule 24(b)(2) of the Federal Rules of Civil Procedure or alternatively by permission under Rule 24(b)(1). Mot. to Intervene and Br. in Supp. ("Coalition Br.") at 1, Doc. No. 49. The Coalition is a recently formed, unincorporated Wisconsin nonprofit association whose "members access food from [Miller's Organic Farm], either directly or through private buying clubs." *Id.* at 3 (citing Coalition Br., Ex. F, Aff. of Thomas C. Steidel at ¶ 3). Through intervention, the Coalition seeks to stay enforcement of part of the permanent injunction order previously entered in this case until the current defendants, Amos Miller ("Mr. Miller") and Miller's Organic Farm (the "Farm"), are "allowed to operate a custom exempt facility in accordance with the terms of the [Injunction] Order." *Id.* at 1. The Coalition also argues that until there is a favorable decision on the Farm's proposed plan for custom operations, its members will lack access to the Farm's meat and poultry products that they had been purchasing before the permanent injunction order and many of the members will "become gravely ill" as a result. *Id.* at 3. The Coalition further asserts that its interests differ from the defendants in the action as "while the current Defendants conceivably could move . . . for a stay of enforcement, they have not done so." *Id.* at 8.

      With regard to the Coalition's request to intervene as a matter of right, "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Town*

*of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). Therefore, the Coalition must satisfy not only Rule 24(a)'s procedural requirements but also the more-exacting requirements of Article III standing. For Article III standing, the Coalition must show: (1) "injury in fact"; (2) "a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992) (internal citations and quotation marks omitted). Injury in fact must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal citations and quotation marks omitted).

The Coalition claims injury in fact by arguing that its members are being deprived of products they need from the Farm because of the permanent injunction order, and presumably they need these illegal products for health reasons and cannot obtain them elsewhere. However, the court finds that these claimed injuries are insufficient under Article III. First, such allegations of becoming gravely ill without access to the Farm's products are based merely on the members' beliefs that their individual or family health is better than it would have been had they consumed legally produced and marketed organic or other meat and poultry products from other farms. Mere belief that this is the case is insufficient to show actual or imminent harm. The link between members' health and their consumption of available meat and poultry products from the Farm is entirely hypothetical at this stage. *See, e.g., Public Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 122–23 (3d Cir. 1997) (concluding that plaintiffs lacked standing because they could not "show any actual injury or credible threat of injury" from chemical discharges into waterways). Furthermore, it is not clear that the Food Safety and Inspection Service ("FSIS") will ever permit Miller's to conduct such operations as the injunction order only provides for a decision within a set time frame, not that the decision on the customs operation plan will necessarily be favorable to the Farm. Thus, the Coalition cannot show a reasonable likelihood that an FSIS administrative decision on any custom-exempt plan that Mr. Miller and the Farm submits (or any later Administrative Procedure Act judicial review decision) will be favorable to the Farm and allow it to sell non-federally-inspected meat and poultry products to Coalition members under a custom exemption. This is particularly true when the FSIS has never granted such a custom exemption for similarly structured or nationwide operations. *See* United States' Br. Opposing Non-Party Miller's Food Coalition, U.A.'s Mot. to Intervene, Ex. A, Paul Flanagan Decl. ("Flanagan Decl.") at ¶ 21, Doc. No. 53-1. Therefore, this court finds that the Coalition lacks Article III standing to intervene as a matter of right so it can move for a stay of enforcement of the court's injunction order.

For the sake of completeness, the court also examines whether the Coalition could satisfy the requirements of the text of Rule 24(a)(2) to intervene as a matter of right. Rule 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A prospective intervenor as a matter of right must establish: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (citing *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). The court will examine these factors in turn.

The court must first evaluate the timeliness of the application for intervention based on the totality of the circumstances. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994). Factors to consider in making the timeliness determination include: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Va.*, 418 F.3d at 314 (citing *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995)).

Here, the court finds that the timeliness factor weighs against intervention as a matter of right as the Coalition was aware of this litigation from an early stage, yet did not form, much less attempt to intervene, until much later. In his newsletters, Mr. Miller updated his members throughout this (and earlier subpoena enforcement) litigation. *See* Flannagan Decl. at ¶¶ 6–14. Yet, the Coalition did not attempt to assert the Farm's membership's purported interests until after the court's permanent injunction order in November 2019. To allow the Coalition to intervene at this stage of the litigation would prejudice the United States and would prejudice the public interest in food safety by forcing the United States to continue to litigate whether the Farm should be able to operate in violation of law, an issue which has already taken up significant investigation and litigation efforts and costs prior to the entry of the permanent injunction deciding this very issue in the United States' favor. *See* 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1916 & n.19, 20 (2007) ("There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment[,] and a strong showing will be required of the applicant. Motions for intervention after judgment ordinarily fail to meet this exacting standard and are denied[.]"). Therefore, the court finds the application to intervene is untimely given the late stage of the proceeding, the prejudice to the parties, and no just reason for the delay.

2

The court next examines whether the Coalition has the sort of "sufficient interest" that could justify intervention of right. In resolving this question, the court must determine whether the intervenor's interest is direct or remote. *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 951 (3d Cir. 2012). A proposed intervenor's interest need not be a legal interest, provided that he or she "will be practically disadvantaged by the disposition of the action." *Id.* (citation and internal quotation marks omitted). "However, rather than merely showing some impact, the applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.* (citation and internal quotation marks omitted).

In the instant case, the Coalition asserts an interest in the enforcement of certain provisions of the permanent injunction order, arguing it "is difficult to conceive of a more significant issue than personal health, or indeed life itself." Coalition Br. at 6. While personal health and life are indeed significant, these concerns are not what is at issue. The Coalition seems to be arguing for a nebulous right to access and consume illegal food products produced by the Farm. However, no such food access rights exist under federal law, let alone as a cognizable legal interest. Such an interest in illegal food products is not protectable under law and cannot justify intervention as a right. *See generally United States v. US Stem Cell Clinic*, No. 0:18-cv-61047-UU, 2019 WL 3890843, at *3 (S.D. Fla. July 12, 2019) ("Intervenor provides no argumentation or binding authority to support his contention that he has a legally cognizable property interest in the SVF product, a misbranded and adulterated drug[.]" (citing *United States v. Ellis Research Labs., Inc.*, 300 F.2d 550, 554 (7th Cir. 1962)).

In addition to the foregoing, the Honorable Lawrence F. Stengel, now retired, reached a similar conclusion to this court in circumstances similar to those presented here. *See United States v. Allgyer*, No. 11-2651, 2011 WL 3296171 (E.D. Pa. July 29, 2011). In *Allgyer*, the United States sued on behalf of the Food and Drug Administration (FDA) to permanently enjoin a Lancaster County-based farm from further sales of raw milk in violation of the Food Drug & Cosmetic Act (FDCA). A non-party advocate, Aajonus Vonderplanitz, moved to intervene. *Id.* at *1. In denying the motion to intervene, Judge Stengel explained,

> Mr. Vonderplanitz's claims of an interest in the case are sweeping, generalized, and grandiose. He believes if the FDA prevails in this lawsuit, the people he is attempting to represent would be deprived of food from their animals and deprived of "nourishment, life, liberty and better health." This interest is not a legally cognizable interest sufficient to establish intervention under Rule 24(a)(2).

*Id.* at *3 (footnote omitted). As in *Allgyer*, the Coalition's interests in access to the Farm's products, despite claims of personal health and life, are insufficient to establish intervention under Rule 24(a)(2) as there is no legally cognizable interest.

With regard to the third prong of the Rule 24(a)(2) analysis, no interest can be impaired by the disposition of this action. There is a permanent injunction already in place and it already provides for a pathway in which Mr. Miller and the Farm can continue to sell products to members of the Coalition.

As for the final prong, *i.e.* whether the other parties already in the litigation can represent the Coalition's interest, the burden of showing inadequacy of representation is satisfied by demonstrating that "(1) the interest of the applicant so diverges from those of the representative party that the representative party cannot devote proper attention to the applicant's interest; (2) there is collusion between the existing parties; or (3) the representative party is not diligently prosecuting the suit." *Alcan Aluminum*, 25 F.3d at 1186 n.15. Here, the Coalition only argues that although their interests are similar to those of the current defendants, their interests diverge significantly such that the defendants cannot devote proper attention to the Coalition's interest. Coalition Br. at 7. They rest this argument on the premise that "[w]hile it is true that [Mr.] Miller is passionate about providing healthy, clean food to his customers, it is also true that the economic interests of [Mr.] Miller and [the Farm] are not the same as his customers' interest in and need to consume the food [Mr.] Miller and [the Farm] produce." *Id.* at 8.

Contrary to the Coalition's arguments, the defendants' interests do align with the Coalition's interests, and therefore the defendants can adequate represent any interests of the Coalition. The defendants have a clear interest in continuing operations and maximizing sales and profits to the members of the Coalition. The defendants have represented the interest in continuing to provide their products to customers by actively opposing summary judgment. Furthermore, current counsel for the Coalition previously represented Mr. Miller during the course of this litigation and argued for the very same interests that the Coalition is claiming to argue for today. Because Mr. Miller remains free to continue to produce and sell his products to members so long as these products comply with the law, he can continue to represent the interests of the Coalition. *See Allgyer*, 2011 WL 3296171, at *3 ("Moreover, the stated interest does not appear to relate to Mr. Vonderplanitz as an individual. Rather, the stated interest arises from his association with the Right to Choose Healthy Food and the GrassFed Club. Certainly, the interest Mr. Vonderplanitz

asserts can adequately be represented by Mr. Allgyer."). Therefore, because the Coalition has failed to carry its burden, the court must deny the motion to intervene as a matter of right. The court now turns to the question of whether the court should grant permissive intervention.

Rule 24(b)(1)(B) permits permissive intervention on timely motion by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention is within the court's discretion and the court considers "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

Here, the court notes that as stated above, the motion to intervene is untimely as it would unduly delay or prejudice the adjudication of the original parties' rights by denying the United States and the public the effects of the court's permanent injunction, which the parties already litigated after full discovery and a motion for summary judgment. To grant the Coalition's request to intervene in order to seek a stay, which if granted would allow the enjoined conduct to continue, would by necessity require relitigating issues that this court has already litigated prior to entering the permanent injunction. Permissive intervention would also raise new issues that are beyond the scope of this statutory proceeding such as possible health risks, sources of legally produced meat and poultry products that are already available to Coalition members, and issues pertaining to the Farm's "custom-exempt" plan, which, as already pointed out, the FSIS is not required to approve. Therefore, this court denies permissive intervention by the Coalition as well.