# PRIORITY
# MAIL
# EXPRESS®

**FOR DOMESTIC AND INTERNATIONAL USE**
**PLACE MAILING LABEL HERE**

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



RECEIVED
APR 27 2022

USPS.COM/PICKUP

PS10001000006

EP13F May
OD: 12 1/2


**PEEL FROM THIS CORNER**

---

$26.95

UNITED STATES POSTAL SERVICE | PRIORITY MAIL EXPRESS

EI 227 005 571 US

**FROM:** (PLEASE PRINT) PHONE ( ) 717-556-0672

Amos B Miller
C/o 648 Mill Creek School Rd
Bird-in-Hand PA      17505
Bus Structure

**TO:** (PLEASE PRINT) PHONE ( )

US District Court Eastern PA
601 Market St ATTN Clerk
Philadelphia, PA          of Court
19106-

PAYMENT BY ACCOUNT (if applicable)

ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code: 17543
Date Accepted: 4/27/22
Scheduled Delivery Date: 4/27/22
Scheduled Delivery Time: 3:00 PM
Postage: $26.95
Total Postage & Fees: 26.95
Flat Rate



Amos: Miller, living man
On the county at Large, lancaster
Non-Domestic
c/o: 648 Millcreek School Road
Bird-in-Hand, Pennsylvania [17505]
Propria persona

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **Case No.: 19-1435** |
|     Plaintiff, | ) |
| | ) **Notice and Lodgment of New** |
|     v. | ) **Business Structure** |
| | ) |
| MILLER'S ORGANIC FARM | ) |
| AMOS MILLER, | ) |
|     Defendant. | ) |
| _____ | ) |
| | ) |
| Amos: Miller, Real Party in | ) |
| Interest (RPII) | ) |
| | ) |

CAUSE NO: 19-1435

AN AUTHENTICATED FOREIGN DOCUMENT

HAGUE CONVENTION, 5 OCTOBER 1961

AFFIDAVIT PUBLIC NOTICE, HONORABLE CLARIFICATIONS

# Notice and Lodgment of New Business Structure

Comes Now, Amos Miller, In Propria Persona, the Defendant
in the above titled cause; 19-1435, and hereby notices the
court, plaintiff and the various agents of plaintiff (USDA,
Pennsylvania Department of Agriculture, etc.) of the New
Business Structure.

1

**CERTIFICATE OF SERVICE**

2   I, Amos Miller, serving in Propria Persona, hereby certify, under
penalty of perjury, under the laws of the United States of

3   America, without the "United States" [federal and State
Government] that I am at least 18 years old, a citizen of one of

4   the united states of America, as I personally served the
following document(s) by placing one true and correct copy of

5   document(s) via U.S. Mail with postage paid and properly
addressed to the following:

6

7        United States District Court
         Attn: Clerk of Court

8        601 Market Street
         Philadelphia, Pennsylvania 19106

9        USPS Certified Mail   *EI 227 005 571 US*

10  And one copy via Certified U.S. Mail addressed as follows on or
about this *26* day of April 2022;

11

12       GERALD B. SULLIVAN
         ASSISTANT U.S. ATTORNEY - US ATTY'S OFFICE

13       615 CHESTNUT ST., STE. 1250
         PHILADELPHIA, PA 19106-4476

14       USPS Certified Mail   *EI 227 006 400 US*

15

16

17              Amos: Miller, living man

18              Real Party in Interest (RPII)

19

20

21

22

23

24

25

# AMOS MILLER ORGANIC FARM TRUST

**A Private Independent Contractual Agreement Constructed as a
"Declaration of Trust"**

## NON-ASSOCIATED

An Organization capable of Operating within but not Of the
Corporate Municipal Law Form

It is expressly declared that a Private Independent Contractual Trust Organization by Contract to secure for my posterity, (and is not to be construed to be created by any State, or Federal government corporation, or political subdivision, Municipality, or subdivision therein), otherwise known as a Declaration of Trust is hereby created, always to remain separate and apart from a living trust, or a partnership, or a company, or a corporation, or a joint venture, or a limited partnership, or a joint stock company, or an association, or a "Massachusetts Trust", or a limited liability company or a trust as found or defined in any State, or United States statutes and code, and relies not upon the benefits or protection therein.

Although multiple copies of this Trust Document may exist, the only TRUE version, or TRUE COPY, is the one held by the only Lawful holder, First Trustee, and as Trust Manager may utilize to benefit the Trust. Any other version is merely a COPY thereof and cannot be lawfully relied upon for validity. The Board of Trustees will not be held responsible for any errors or misunderstandings in the translation of this document into any foreign language. If anyone has any questions as to the interpretation or intention of this document, please refer to the First Trustee.

## AMOS MILLER ORGANIC FARM TRUST | 2022

# Table Of Contents

| Description | Page |
|---|---|
| Declaration of Trust | 3 |
| Trust Terms and Conditions/Indenture | 7 |
| Internal Trust Rules/Bylaws | 12 |
| Schedule A | 21 |
| T.C.U. Letter | 22 |
| Notice of Special Meeting | 23 |
| Minutes of Special Meeting | 24 |
| Minutes of Meeting #1 | 25 |
| Trust Manager Appointment | 28 |
| Trust Diagram for Easy Reference | 29 |
| Beneficiary Address | 30 |
| Letter of Wishes | 31 |
| Affidavits of Settlor and Trustee(s) | 32 |

## AMOS MILLER ORGANIC FARM TRUST | 2022

<u>Situs address:</u>
Board of Trustees
**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania

**Declaration of Trust**

The Absolute Right of contract protected by Common Law creates this Document

- **"Freedom of contract"** means <u>freedom from arbitrary and capricious action on part of state</u> or from employing means which cannot have any logical and definite relation to the promotion of the public health, public safety, public morals, and public welfare. <u>Akins' Case, 20 N.E.2d 453, 457, 302 Mass. 562.</u>

- **"Freedom of contract"** is a **basic right reserved to the people** by the Federal Constitution that <u>a state cannot violate even under sanction of direct legislative act.</u> U.S.C.A. Const. Amends. 5, 14. <u>Springfield Fire & Marine Ins. Co. v. Holmes, D.C. Mont., 32 F. Supp. 964, 967.</u>

Dated: <u>**March 1st, 2022**</u>

### <u>AMOS MILLER ORGANIC FARM TRUST</u>

**A Private Independent Contractual Agreement Constructed As A
"Declaration of Trust"**

- "<u>When, therefore, one devotes his property to a use in which the public has an interest, he, in effect, grants to the public an interest in that use, and must submit to be controlled by the public for the common good, to the extent of the interest he has thus created." *Munn v. Illinois*, 94 U.S. 126, 24 L. Ed. 77.</u> **This Trust is not a document open to the public or public policy** and will not submit to any public or external control since **this is a private contract between those private men** who do not partake of the statutorily constructed scheme, known as the cestuis quis trustent.

- In Reeves vs. Powell, 267 SW 328 (1924), Business Trusts are not to be confused as "IT IS ESTABLISHED BY LEGAL PRECEDENT THAT PURE TRUSTS ARE LAWFUL AND VALID BUSINESS ORGANIZATIONS."

- "A TRUST IS NOT LIMITED TO ANY GIVEN STATE IN CONDUCTING BUSINESS BECAUSE IT IS A COMMON LAW ENTITY." Shirk vs. City of Lafayette, 52 F 857 (1892).

**Declaration of Irrevocable Trust**

1. This Declaration of Irrevocable Trust is created this **1st of March 2022**, between **John K. Stolzfus**, hereinafter called the **Settlor** and **Amos B. Miller**, hereinafter called **Trustee** and also known as the **First Trustee**.

2. The Trustees hereof, whether one or more, shall be designated as the **Board of Trustees** of **AMOS MILLER ORGANIC FARM TRUST** holding fee simple title as the Board of Trustees in the name of **AMOS MILLER ORGANIC FARM TRUST** to all the assets of this Trust and all interests therein, not differentiating between lawful, legal and equitable, and collectively acting herein according to the unalienable Absolute rights afforded to men protected by Common Law.

3. The Settlor hereby irrevocably assigns and conveys to the Trustee, in trust, specific properties as defined in Minute Number 1, hereto attached so as to constitute the Corpus of this Trust, **in exchange** for one-hundred (100) units of beneficial interest, hereinafter referred to as Trust Certificate Units (TCUs), that shall be of an equivalent, and yet, indeterminate value to both parties.

## AMOS MILLER ORGANIC FARM TRUST | 2022

4.  The Trustee, or Trust manager, shall open and maintain such bank accounts as necessary to receive and hold said property, along with any additions thereto in trust for the use and benefit of the Trust Certificate Unit (TCU) Holders.

5.  The Trust shall be amendable, as described herein by appropriate Minute, and shall be irrevocable by the Settlor.

6.  It being the intention of the Settlor to make to the Beneficiary a gift of the TCUs in which the Beneficiary shall have a future vested interest.

7.  There shall never be more than 100 TCUs available to the Beneficiary.

8.  This agreement and Trust created hereby shall be separate and apart from the United States Constitution (a corporate municipal law form), but shall operate in accord with the premises/principals of the Constitution for the United States of America, Anno Domini 1791, and derives its power from the Freeholder in accord with the nature of the Constitution for the United States of America and the North West Ordinance and always retains its immunity as the sovereign.  Further, we hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable **Rights, that among these are Life, Liberty, and the pursuit of Happiness.**

Therefore this Trust shall have the absolute Right and Freedom to Contract administered, managed, governed and regulated in all respects according to applicable English Common Law protections (and not that common law as defined by the American Bankrupt Legislative Democracy known only as case law but that evolutionary body of law from the Island of England), laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect the Safety and Happiness for this Trust's posterity, and also has the protections of the Common Law in restricting government and its agents (when and if they are applicable, or allowable for the Trust to remain under the jurisdiction of said Common Law). In addition, this Trust is protected in the nature of the examples set forth;

- **"Freedom of contract"** means **freedom from arbitrary and capricious action on part of state** or from employing means which cannot have any logical and definite relation to the promotion of the public health, public safety, public morals, and public welfare.  Akins' Case, 20 N.E.2d 453, 457, 302 Mass. 562.
- **"Freedom of contract"** is a **basic right reserved to the people** by the Federal Constitution that **a state cannot violate even under sanction of direct legislative act.**  U.S.C.A. Const. Amends. 5, 14.  Springfield Fire & Marine Ins. Co. v. Holmes, D.C. Mont., 32 F. Supp. 964, 967.

9.  The Trust shall be domiciled on the soil of the land of **Pennsylvania**.

10.  The Trustee(s), in addition to all other powers granted by this agreement and by law, shall have the following additional powers with respect to the Trust, to be exercised from time to time at the discretion of the Trustee(s), with the approval of the Board of Trustees and the Protector (should the Trustees elect to appoint one by resolution):

**A. Management of the Trust**
To purchase, or otherwise acquire, vest, invest and reinvest, manage, lease, rent, mortgage, insure, repair, improve, transfer, sell, or otherwise dispose of any of the real, private, and personal property, assets, and other things of value of the Trust as the Trustee, or Trust manager (under Trustee supervision), deems advisable.

**B. Business Interests**
To sell, liquidate or continue to operate, at the Trustee's discretion, any corporation, partnership, or other business interest which, may be received or initiated by the Trust.

**C. Mortgages, Pledges and Deeds of Trust**
To enforce any and all mortgages, pledges and deeds of Trust held by the Trust and to purchase at any sale thereunder, any such real, private, or personal property subject to any loan, credit extension, mortgage, pledge, or deed.

## AMOS MILLER ORGANIC FARM TRUST | 2022

**D. Litigation**
To initiate or defend, at the discretion of the Trustee(s), any litigation affecting the Trust.

**E. Counselors, Advisors and Agents**
To contract with and to pay from the Trust, reasonable compensation to such, private agent(s) assigned by the Trustee, holders of Power-of-attorney, counsel, attorneys-in-fact, attorneys, accountants, brokers, and investment, tax and other advisors as the Trust deems advisable.

**F. Adjustment of Claims**
To submit to arbitration, to compromise or to release or otherwise adjust, with or without compensation, any and all claims affecting the Trust Estate, or Trust Organization.

11. No bond for the faithful performance of duties shall be required of any Trustee or Trust Officer or Trust Manager under this agreement.

12. The Trustee(s) and/or Trust Manager shall receive reasonable compensation for their services performed.

13. No Trustee(s), Trust Manager, or Trust Officer, created by this agreement, shall ever be held liable for any action or default of any Trustee, Trust Manager, or Trust Officer, or any other man, or entity, in connection with the administration and management of this Trust unless caused by their own gross negligence or by commission of a willful act of breach of trust.

14. The Second Trustee will replace the First Trustee and the Third Trustee will replace the Second Trustee in a Chain-of-Command order in the event of a resignation, withdrawal, or termination. In the event that no successor Trustee is available then a Successor-Trustee may be appointed by a court of competent jurisdiction in accord with the domicile of choice as stated above in paragraph 9. However, this trust agreement shall utilize the unalienable Right to contract premises in accord with the Constitution for the United States of America, Anno Domini 1791, the Natural Law of our Creator, and the foundational principals set forth by the American Declaration of Independence, without having named an appropriate replacement in the Minutes, or post minutes sections, hereof.

15. The Trustee(s), through co-execution of this agreement, signifies acceptance of this Trust.

16. The Board of Trustees shall have sole authority to determine what shall be defined as capital or income, as compensation, and as principal of the Trust established by this agreement, and to determine which costs, taxes and other expenses shall be paid out of such funds. Disbursement of funds to Beneficiaries shall be conducted in accordance with Board of Trustees prescribed procedures as set forth in the most current Meeting Minutes.

17. If a Trustee(s) is found incompetent, the First Trustee and Second Trustee have the right and authority to replace said Trustee(s).

18. In the event that any portion of this Trust agreement or the Trust created hereby shall be held unlawful, invalid or otherwise inoperative, it is the intention of the Settlor that all of the other provisions herein shall continue to be in effect when possible, reasonable and lawful.

19. All parties to this agreement hereby acknowledge that this is a covenant relationship entry that appears by substance and is not a relationship arising under causae debendi. Furthermore, it is hereby acknowledged that all contracts with which this trust engages will be paid initially in substance and additional consideration in other currency, notes etc. When this trust pays a bill, it shall be paid in substance with additional consideration. However, when an invoice is delivered for payment, the trust acknowledges that not all persons can pay in substance. Therefore, the trust will only acquiesce to non-substance payment after a remedy at law is determined unavailable. Therefore, using the English Common Law remedy of relief will be employed whereby commercial notes will be accepted only after substance is determined not to be available.

## AMOS MILLER ORGANIC FARM TRUST | 2022

20. IN WITNESS WHEREOF, the parties hereto have executed this agreement on this 1st **of March C.E. 2022.**

_John K. Stolz_

**John K. Stolzfus, Settlor**

_Amos B. Miller_

**Amos B. Miller, First Trustee**

Private Trust Written Communications Address:

**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania
United States of America

# AMOS MILLER ORGANIC FARM TRUST | 2022

**Situs address:**
Board of Trustees  .
AMOS MILLER ORGANIC FARM TRUST
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania

**Trust Terms and Conditions**
**NON-ASSOCIATED**

The Absolute Right of contract protected by Common Law creates this Document.

- This Trust is Created for the express purpose of providing for our posterity and avoiding any contract with any State, or Federal government, corporation or political subdivision, or municipality, or their agents.

- The United States Supreme Court has repeatedly held that Pure Trust Organizations are valid common law entities, which are not subject to legislative restrictions as are corporations and other organizations created by legislative authority.

- As the court stated in the case of *Hecht v. Malley* (1924) 265 U.S. 144, 68 L.Ed. 949: "These [pure] trusts . . . are unincorporated. They are not organized under any statute; and they derive no power, benefit or privilege from any statute."

- In *Edwards v. Commissioner* (1969 10ᵗʰ Cir.) 415 F.2d 578, the Appellate Court stated: "[T]he form of a contract is the considered and chosen method of expressing the substance of contractual agreements between parties, and the dignity of contractual right cannot be judicially set aside simply because a tax benefit results either by design or accident".

Dated: **March 1st, C.E. 2022**

## AMOS MILLER ORGANIC FARM TRUST

### A Private Independent Contractual Agreement Constructed As A
### "Declaration of Trust"

- McCulloch v. Maryland, 4 Wheat 319, The sovereignty of the state does not, therefore, extend to that which exists outside its own authority, whatever the motive for its existence. In *Superior Oil Co. v. Mississippi (1930) 280 US 390, 395-396, 74 L.Ed. 504,* the party set up a pure trust organization expressly for the purpose of avoiding or minimizing taxation. The court stated: "The only purpose of the vendor here was to escape taxation. . . The fact that it desired to evade the law, as it is called, is immaterial, because the very meaning of a line in the law is that you intentionally may go as close to it as you can, if you do not pass it."

- BERRY v. MCCOURT, 204 NE 2ND 235(1965) - A PURE TRUST IS A CONTRACTUAL RELATIONSHIP IN TRUST FORM.

- BARNETTE v. MCNULTY. 516 P. 2D 583, AND CARRILLO v. TAYLOR. 299 P. 2D 188, ESSENTIAL ELEMENTS OF A TRUST ARE A COMPETENT SETTLOR AND TRUSTEE; CLEAR AND UNEQUIVOCAL INTENT TO CREATE A TRUST; AN ASCERTAINABLE TRUST RES AND SUFFICIENTLY IDENTIFIABLE BENEFICIARIES.

- "...the United States Government is a Foreign corporation with respect to a state." NY re: Merriam 36 N.E. 505 1441; S.CL 1973, 41 L Ed. 281

### Trust Organization Declaration of Trust Terms and Conditions

1. The Trust Organization created by this Contract and Trust Terms and Conditions is authorized to exist and function through its Board of Trustees, who may be a man, men, entity, or entities, or any combination thereof acting in the capacity of lawful entities, holding fee simple or absolute title, not differentiating between lawful, legal, and equitable, not as individual men, or entities, but collectively as the Board of Trustees, under the name of:

## AMOS MILLER ORGANIC FARM TRUST

and collectively acting, herein, according to the unalienable Absolute rights afforded to men protected by Common Law.

2. This Agreement, Conveyance and Acceptance is made and entered into at this time and on the **1st of March C.E. 2022**, by and between **John K. Stolzfus**, the Settlor, who for and in exchange for lawful consideration and the acceptance by the First Trustee, by and on behalf of the Board of Trustees of the properties, assets, and other things of value to be conveyed, and the conditions, terms and provisions of these Trust Terms and Conditions, the Trust Organization Rules, and the Resolutions of the Board of Trustees interpreting the same and the right of the Settlor to direct issuance of all Trust Certificate Units  in the Trust Organization;

3. **John K. Stolzfus, Settlor** hereby offers to convey to the Board of Trustees certain properties, assets, and other things of value, the nature and identity and description of which are presently known to both the Settlor and First Trustee, and which are further identified and described in Minute Number 1 and are incorporated herein by reference immediately upon its execution, so as to constitute the Corpus of this Trust, in exchange for one-hundred (100) units of beneficial interest, hereinafter referred to as Trust Certificate Units (TCUs), that are of an equivalent, and yet, indeterminate value to both parties.  Settlor warrants his authority to transfer such interest in said properties, assets, and other things of value as is specified in attached said Minute Number 1;

4. And **Amos B. Miller, Trustee**, also referred to as the First Trustee, who by signing this Trust Terms and Conditions hereby accepts on behalf of the Board of Trustees, the properties, assets, and other things of value set forth in Minute Number 1, accepts the conditions, terms and provisions of this Trust Terms and Conditions, the Trust Organization Rules, and the Resolutions of the Board of Trustees interpreting the same as recorded in the Meeting Minutes from time to time, which serve as the governing instruments of the Board of Trustees, and agrees to transfer all beneficial interest/TCUs of the Trust Organization in accordance with the Settlor's direction.

5. As part of the consideration herein, Settlor agrees and covenants that it shall not change this Trust Terms and Conditions in any manner.

6. Settlor agrees and covenants that it has not, and shall not, engage(d) in any secret agreements or pre-arrangement of any type with the Trustees of this Trust Organization, that obligates them to act in any manner in his sole interest, and not as fair, unbiased, and independent fiduciaries in the best interest of the Certificate Unit Holders.

7. The acceptance and signing of the Trust Terms and Conditions by the First Trustee constitutes the first Board of Trustees, and the signing and acknowledging of appropriate Trust Minutes by subsequently appointed Secondary Trustees constitutes their acceptance of the Trust Terms and Conditions and Trust property in the same manner as the First Trustee.  The assets and emoluments thereof immediately vest in any new Trustee as fiduciary for the Trust Estate without further act or conveyance, except as may be required by local common law **to protect the absolute right to contract.**

8. The First Trustee and/or the Second Trustee have the power to appoint Secondary Trustees and the Board of Trustees will increase or decrease, at their discretion the number of Trustees as appropriate to the affairs of the Trust Organization.

9. No bond is required of the First Trustee, nor will any bond be required of any future Secondary Trustees appointed to the Board of Trustees, unless the Board of Trustees, by appropriate Minute, requires such of any newly appointed Trustees.

10. The Board of Trustees may appoint a Secretary whose duties and powers shall be to request the power to attest to the correctness of the Minutes and Resolutions of the Board of Trustees by petitioning the Board of Trustees, in writing, for final sign-off privileges on future Minutes.

## AMOS MILLER ORGANIC FARM TRUST | 2022

11. This Trust Organization is originally domiciled on the Land/soil of **Pennsylvania**, however, it shall be interpreted and construed in the nature of those foundations of the Constitution **for** the United States of America circa 1787, the Declaration of Independence circa 1776, and the Northwest Ordinance by restricting State, and/or Federal government, its corporations and political subdivisions, or subdivisions therein, and its agents, however said government statutes, designed to operate upon said governments, and does not operate upon this Trust, its Settlor, Trustee(s), Officers, Beneficiary(ies), or anyone associated therein. Any attack by government must be preceded by demonstration in a court of law that the Statutes in question operate upon this Trust.

12. The domicile, and thereby the controlling interpretational laws under which the Trust Organization shall be construed, may be changed to any other state or nation as shall be deemed prudent, wise, necessary, or appropriate by the Board of Trustees.

13. The principal address and Situs of the Trust Organization is the Land/soil of **Pennsylvania** (**not** under the corporate municipal law form) unless changed by the Board of Trustees.

14. The Situs address and the mailing address do not have to be the same and the Board of Trustees may change either by appropriate Minute.

15. The Board of Trustees do, have, except as modified by the terms of this Trust Terms and Conditions, the Trust Organization Rules and Resolutions of the Board of Trustees interpreting the same, all of the powers pursuant to Common Law including, but not limited to, the power to make any type of investment for the benefit of the Trust Estate, to borrow money for any Trust Organization purpose, to buy, sell, hold title to, or encumber property or hypothecate by mortgage or deed or, trust or pledge, or otherwise take any measures it deems necessary and appropriate to expand the capital of the Trust Estate.

16. The Board of Trustees do have all the powers necessary to operate, manage and control this Trust Organization for the benefit of the Beneficiary(ies), and do take any and all actions deemed necessary and proper to carry out such purposes, provided however, that the Board of Trustees do not possess any power or take any action contrary to applicable law or inconsistent with the provisions of the Trust Terms and Conditions and Trust Rules.

17. It is expressly provided that the Board of Trustees do not possess or exercise any power which would, by its possession or exercise, cause the holding capital of this Trust to be taxed to the Settlor, Trustee, or Trust Manager, under the Grantor -Trust provisions of the Internal Revenue Code.

18. The Board of Trustees have full authority to determine what shall constitute principal of the Trust Estate, gross income therefrom, net income distributable under the terms of this Trust Terms and Conditions and Trust Rules to the Beneficiaries, and to allocate between principal and income, and such decision shall be conclusive.

19. No Trustee shall be liable for the act or omission of a Co-Trustee, or any other man or entity whatsoever, whether contracted by such Trustee or not, or for anything other than his own private or personal breach of the Trust Contract.

20. Notice is hereby given to all men, or entities, doing business with, extending credit to, contracting with, or having a claim against this Private Independent Contractual Pure Trust Organization, that the Board of Trustees is not privately or personally liable when dealing with Trust property or matters, and such men, or entities, must look only to the assets of the Trust Estate for payment of, or settlement of any debt, tort, damage, judgment or decree, or for any indebtedness which shall become payable thereunder.

21. Any man, or entity, shall be entitled to rely upon a copy of the original Declaration of Trust and any instruments duly executed in accordance with the provisions thereof, to the same extent as the original document, when such copy is approved by the Board of Trustees.

22. An approved Minute of the Board of Trustees authorizing what it is they determine to do or have done shall be sufficient evidence that such an act is within their power to those doing business with the Trust.

23. Anyone lending or paying money to the Board of Trustees shall not be obliged to see the application thereof.

24. **This Trust is expressly irrevocable**, and may not be terminated, except as permissible in section 25 herein.

25. This Trust shall continue for a **term of Ninety-Nine (99) years** from the date of inception, with Rights of renewal within 120 days of termination by prescribed, subscribed meeting minute declaration.

26. The procedure to follow for terminations shall be specifically set forth in the Trust Organization Rules.

27. The Trust is also renewable, if renewed prior to its termination.

28. The procedure to follow in order to renew this Trust shall be specifically set forth in the Trust Organization Rules.

29. The Beneficiaries of this Trust shall be the Holders of the TCUs.

30. The Board of Trustees have issued no more and no less than one-hundred (100) TCUs.

31. TCUs may be subdivided by the Board of Trustees into units of smaller denomination, or merge smaller denominations into larger ones, but the total TCUs shall never exceed or be less than one-hundred (100).

32. At the creation of this Trust, all TCUs shall be transferred by the Board of Trustees in accordance with the Settlor's direction and Trustee may periodically add to existing or replace deceased Beneficiaries. The First Trustee may assert those directions in Settlor's absence.

33. These TCUs, following the initial transfer, shall be strictly limited in transferability, per Trustees direction.

34. The documentation of the initial, or any subsequent, transfer of TCUs in the official records of the Trust shall be conclusive proof of the proper Holder of any TCU's issued by the Board of Trustees.

35. These TCUs, following the initial transfer, shall be strictly limited in transferability, as set forth in the Trust Organization Rules.

36. No purported transfer by any Holder shall operate to transfer any rights in any TCUs until and unless such transfer is first approved by the Board of Trustees.

37. The number of TCUs held by the Beneficiary(ies) is the percentage of any distribution due to that Beneficiary when distributions are made.

38. The number of TCUs held shall also be the percentage to which such Beneficiary(ies) shall be entitled of any Trust assets which remain at the termination of this Trust.

39. No title to any of the Trust properties, whether lawful, legal, or equitable, or the income therefrom, shall vest in any beneficiary until the actual termination of this Trust, or early distribution thereof, and neither the income nor principal of the Trust shall be liable for any debts of any Beneficiary.

40. The holding of TCUs does not entitle the Holder to any management power or rights; nor shall the death of a Holder, or transfer by a Holder, entitle the Holder's heirs, lawful or legal representatives, or transferees to demand any division of the property of the Trust, nor any

special accounting, nor entitle such to any rights whatsoever, except that any proper transfer of any TCUs shall entitle any new Holder to the exact same rights as the old Holder.

41.  No Holder shall have any power to sell, assign, transfer or in any other manner anticipate or dispose of his TCUs except under the strict procedures as set forth in the Rules.

42.  In the event of an attack upon the trust from any outside force the First Trustee may declare an emergency and appoint a foreign Trustee to administer as a temporary "Trustee Specialist" to do whatever is necessary and appropriate to protect the existing Trust assets until the emergency is declared over by the First Trustee.

43.  If any sentence, paragraph, clause, section or provision of this Trust Terms and Conditions, Trust Organization Rules or Minutes of this Trust is held to be unenforceable or invalid, it shall not affect any of the remaining provisions and they shall be given full lawful effect, nonetheless.

44.  Neither the First Trustee nor the Board of Trustees shall honor any foreign judgments made against this Trust.

45.  All parties to this agreement hereby acknowledge that this is a covenant relationship entry that appears by substance and is not a relationship arising under causae debendi.  Furthermore, it is hereby acknowledged that all contracts with which this trust engages will be paid initially in substance and additional consideration in other currency, notes etc. When this trust pays a bill, it shall be paid in substance with additional consideration. However, when an invoice is delivered for payment, the trust acknowledges that not all persons can pay in substance. Therefore, the trust will only acquiesce to non-substance payment after a remedy at law is determined unavailable.  Therefore, using the English Common Law remedy of relief will be employed whereby commercial notes will be accepted only after substance is determined not to be available.

46.  IN WITNESS WHEREOF, the Settlor hereof and the First Trustee thereof, in the name of the Board of Trustees, have hereunto set their hands and seals in token of the conveyance, delivery and acceptance of property, assets or other things of value, and the obligations and duties as herein assumed by the Board of Trustees, assent to all conditions herein as imposed and expressed, this **1st of March C.E. 2022.**

**John K. Stolzfus, Settlor**                          **Amos B. Miller, First Trustee**

# AMOS MILLER ORGANIC FARM TRUST | 2022

**Situs address:**
Board of Trustees
**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania

**Internal Trust Organization Rules**
**Non-Associated**

The Absolute Right of contract protected by Common Law creates this Document.

- **"Freedom of contract"** means **freedom from arbitrary and capricious action on part of state** or from employing means which cannot have any logical and definite relation to the promotion of the public health, public safety, public morals, and public welfare.  Akins' Case, 20 N.E.2d 453, 457, 302 Mass. 562.

- In *Helvering v. Gregory (1934) 69 F.2d. 810*, one of the foremost Justices ever to sit on the Supreme Court, Justice Learned Hand, wrote the court's opinion when he was still on the Appellate bench: "**Anyone may so arrange his affairs that his taxes shall be as low as possible; he is not bound to choose that pattern which will best pay the [U.S.] treasury; there is not even a patriotic duty**

- **"Freedom of contract"** is a **basic right reserved to the people** by the Federal Constitution, that **a state cannot violate even under sanction of direct legislative act.** U.S.C.A. Const. Amends. 5, 14.  Springfield Fire & Marine Ins. Co. v. Holmes, D.C.Mont., 32 F. Supp. 964, 967.

Dated: **March 1st C.E. 2022**

**AMOS MILLER ORGANIC FARM TRUST**

**A Private Independent Contractual Agreement Constructed As A**

**"Declaration of Trust"**

- The employment of "hackmen and draymen whose places of business are in the public highway" was a proper subject for police regulation at **common law**. *Munn v. Illinois, supra*. And recent authority classes these and the like occupations with privileges exercisable only at the will of the sovereign.

- BOWES Vs CANNON. 116 P.336 - IN ITS TECHNICAL LEGAL SENSE, A TRUST HAS BEEN DEFINED AS THE RIGHT TO THE BENEFICIAL ENJOYMENT OF PROPERTY, THE LEGAL TITLE TO WHICH IS VESTED IN ANOTHER.

- No National emergency or Executive Order, including but not limited to, The Act of October 6th, 1917, as amended [12 USCS Sec, 95a] March 9, 1933, shall nullify any of the Constitutional Protections of this "Trust Estate." "No emergency justifies a violation of any Constitutional provision." 16 Am Jur 2nd Ed. 71, 72 "The prohibitions of the federal constitution are designed to apply to all branches of the national government and cannot be nullified by the executive and senate combined." Reid vs. Covert, ant, U.S. 1, 1 Ed 2nd 1148(1951)

- "The general rule is that an unconstitutional statute, *though having the form and name oflaw. is in reality no law,* but is **wholly void** and **ineffective for any purpose.** since its unconstitutionality dates from the time of its enactment…In legal contemplation, it is as inoperative as if it had never been passed… Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no right, **creates no office,** bestows no power or authority on anyone, affords no protection and

- **justifies no acts performed under it.**  A void act cannot be legally consistent with a valid one. An unconstitutional law cannot operate to supersede any existing valid law. Indeed, **insofar as a statute runs counter to the fundamental law of the land, it is superseded thereby.No one is bound to obey an**

## AMOS MILLER ORGANIC FARM TRUST | 2022

**unconstitutional law** and **no** courts are bound to enforce it." 16 Am Jur 2d 177, late Am Jur 2d 256. Norton v. Shelby County. 118 U.S. 178

- **A PURE TRUST IS NON-STATUTORY. "A Pure Trust** is not subject to legislative control. The supreme court holds that the Trust is created under the realm of equity under the common law and is not subject to legislative restrictions as are corporations and other statutory entities created by legislative authority." Crocker v. MacCloy, 649 US Supp 39

- Leviticus 25: 10, "So you are to consecrate the fiftieth year and **proclaim liberty in the land** for all its **inhabitants. It shall be your Jubilee, when each of you is to return to his property and to his clan."** This is the basis for all liberty and the freedom to contract. No matter what tyranny attempts to influence man, man will ALWAYS have free moral agency to self-determine his own affairs. Of course, a modicum of ethics would apply to that freedom in his inter-relations with others. Exodus 20 would be a good start.

**Internal Trust Organization Rules**

**A. Organizational Purpose**

1. The Organizational Purpose is to sustain and improve the Corpus of this Trust Estate so the Trust Certificate Unit (TCU) Holders may possess the things of life sufficient to provide for growth, health, protection, education, refinement, recreating, welfare, expansion, preservation and continuation and not just simply an arrangement to protect and conserve the property for the beneficiaries.

2. Any and all men, or entities, may add property to this Trust Estate by gift, will, bill of sale, quit claim, or by deed, with the consent of the Board of Trustees and with the intent of being eventually distributed to the TCU Holders / Beneficiaries.

**B. Organizational Intent**

1. It is expressly declared that an Unincorporated Business Trust Organization by Contract, otherwise known as a Declaration of Trust, or a Pure Trust, is hereby created, and not a living trust, or a partnership, or a company, or a corporation, or a joint venture, or a limited partnership, or a joint stock company, or an association, or a "Massachusetts Trust", or a limited liability company or a trust as defined by the Internal Revenue Code (IRC).

2. Nothing contained herein shall be construed as an intent to evade or contravene any law, nor to delegate any special power belonging exclusively to company law or a corporation.

3. The expressed intent of the Parties to this Contract is to create a Trust Organization for the benefit of the TCU Holders and to accumulate and hold the various assets that become available and to provide for a prudent and economical administration / distribution system administered by men, or entities, acting in a fiduciary capacity, beginning at once and not deferred until after the death of any Settlor, and requires that the Board of Trustees act solely upon their Absolute Right to Freedom of Contract administered, managed, governed and regulated in all respects according to applicable Common Law protections, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect the Safety and Happiness for this Trust's posterity, and shall also have the protections of the Common Law in restricting government and its agents (when and if they are applicable, or allowable for the Trust to remain under the jurisdiction of Common Law). In addition, this Trust enters the hierarchy of agreements at the Constitution for the United States of America when operating on said land, is protected by the Declaration of Independence and the Northwest Ordinance and is separate and apart from the United States Constitution of 1871 (i.e. the Corporate Municipal Law Form), and thereby restricts State, or Federal government, or its subdivisions, and its agents, per the protections by the Common Law, and the immunities vouchsafed thereunder, in administering the Trust Estate according to the Trust Terms and Conditions and the Trust Organization Rules.

## AMOS MILLER ORGANIC FARM TRUST | 2022

### C. Grantor-Trustees

1. It is expressly provided that it is against the purpose and intent of this Trust Organization for the income of the Trust to be taxed to the Settlor or Trustee under the Grantor-Trust provisions of the Internal Revenue Code.

2. Should any Trustee of this Trust be lawfully, or legally, deemed a Grantor of this Trust, such Grantor-Trustee shall be prohibited from having or exercising the following powers, to wit:

    a. A power of disposition exercisable over the beneficial enjoyment of the Corpus or income of the Trust, without the approval of an adverse party Trustee;

    b. A power to deal for less than adequate and full consideration, concerning the Trust;

    c. A power to borrow without adequate interest, or security from the Trust, without the approval of an adverse party Trustee;

    d. A power to obtain loans from the Trust which extend past one year, and which are authorized without the approval of an adverse party Trustee;

    e. A power of administration in a non fiduciary capacity, concerning Trust matters;

    f. A power to revoke or terminate the Trust and thereby revert title to such Trustee;

    g. A power to distribute income of the Trust to such Trustee, or their spouse, without the approval of an adverse party Trustee;

    h. A power to hold or accumulate income of the Trust for future distribution to such Trustee or their spouse, without the approval of an adverse party Trustee;

    i. A power to apply income of the Trust to the payment of premiums on policies of insurance on the life of such Trustee or their spouse;

    j. Or any power or act which would cause the income of the Trust to be taxed to the Settlor or Trustee under the provisions of the Internal Revenue Code.

3. In addition, in any vote concerning any matter from which Grantor-Trustee would be excluded by operation of these rules, the vote of the Board of Trustees must be unanimous (excluding, of course, any such Grantor-Trustee, if existing).

4. No member of the Board of Trustees shall possess or exercise a power of administration in a non-fiduciary capacity, nor a power exercisable solely by himself to vest the Corpus or the income therefrom in himself, or any other power, the possession or exercise of which would cause the income of the Trust to be taxed to the First Trustee or to the Settlor.

5. The Board of Trustees (excluding any Grantor-Trustee) as a board shall be deemed to have a general power of appointment consistent with the provision of the Trust Terms and Conditions and these Trust Organization Rules over the Trust Estate. The appearance of any signature on any Minute of the Board of Trustees of any Grantor-Trustee concerning any matter which such Grantor-Trustee has no power concerning, shall be deemed to be mere surplusage, and merely an indication that such a vote by the Board of Trustees took place, and not any indication of the exercise of a prohibited power. Should by error, any Grantor-Trustee participate in any vote on a matter about which he has no power, his vote is deemed to be void and without effect.

### D. Administration

1. The Board of Trustees may enter into financial transactions with any Trustee, Beneficiary, Trust Manager, Officer or other related man, men, or entity(ies), only for adequate consideration and upon adequate security.

2. Any Trustee is authorized to loan or advance funds to the Trust for any purpose and such transaction, together with stated interest, shall be a first lien against the Trust Estate, and shall be repaid therefrom, so long as any such transaction is recorded in the Minutes of the Trust.

## AMOS MILLER ORGANIC FARM TRUST | 2022

3. Any Trustee is further authorized to deal with the Trust in general business matters, provided that in all such transactions, the Trustee retains therein his fiduciary obligation.

4. Any Grantor-Trustee shall abstain from voting, if benefiting from the transaction and the remaining Trustees must unanimously concur.

5. Under no circumstances shall the Settlor have any interest in any investment made by the Board of Trustees, other than such lawful, or legal, interest as would a stranger to the Trust Organization have in the particular transaction.

6. The Board of Trustees is authorized to deal with the Settlor, to purchase property or to sell property, but always at fair market value and for an adequate and full consideration.

7. Nothing in this paragraph shall be construed as conferring power upon the Settlor to reacquire Trust Corpus, or any part thereof by substituting other property of an equivalent value.

8. Funds accruing in the Treasury of the Trust shall constitute the operating funds of the Trust Organization.

9. The Board of Trustees may authorize liquidation of assets for the purpose of adding to said operating funds.

10. The Board of Trustees shall, as it deems proper and necessary, provide for operating funds through any type of borrowing, either unsecured or directly or indirectly secured.

11. The Board of Trustees may also designate third parties to hold funds or title to Trust property in another name for specific purposes necessary to the use and operation of the Trust Organization.

12. The Board of Trustees shall pay all property taxes, assessments, charges, debts, bills, and obligations arising out of the maintenance, operation and administration of the Trust Organization and Estate, where applicable.

13. There shall be a charge upon the Trust Estate for said expenses and this charge shall be paid from Trust income, funds or principal and Board of Trustees decisions with respect to such matters shall be conclusive.

14. The Board of Trustees is further authorized to pay expenses of Trustees, Officers, Executives, Managers, and like man, men, or entity(ies), incurred while on Trust business.

15. In any matter for which doing business under the Trust name is not deemed to be lawful, the Board of Trustees is authorized to do business in the name of individual Trustees with appropriate reference to their fiduciary capacity, provided that such does not affect the lawfulness or legality of either the business done or the Trust Organization itself.

### E. Management

1. The Board of Trustees shall, at their discretion, have power in connection with the management and control of the Trust Organization to appoint one of their Trustees, or a qualified non-Trustee, to the position of Trust Manager.

2. Said appointment will also require an appropriate private independent contractor agreement to be on file for said title to become effective.

3. The Trust Manager(s) shall have full authority to manage the Trust Organization including, but not limited to, the routine day-to-day operations, subject, at all times, to the scrutiny of the Board of Trustees.

4. If no Trust Manager is appointed, the First Trustee shall retain all management duties.

# AMOS MILLER ORGANIC FARM TRUST | 2022

5. The Board of Trustees shall have the power to contract for the compensation for labor of any assistants, agents, brokers, attorneys, barristers, solicitors, clerks, aides, contractors, subcontractors, investment counsel, or any others as it shall deem necessary for the expedient and proper function of the Trust Organization.

6. Any Trustee may hold two or more offices simultaneously in the Trust Organization and be deserving of such compensation for all services rendered.

7. The Board of Trustees may appoint a First Secretary as set forth in the Trust Terms and Conditions, and may appoint such other officers and executives as it deems necessary.

8. Reasonable compensation to all Trustees, Trust Manager(s), officers, executives or other men, or entities, shall be fixed by and paid at the discretion of the Board of Trustees.

9. All Trustees, Trust Manager(s), officers, and executives shall have the right to waive any compensation for their labor.

## F. Resignation

1. Any Trustee, Trust Manager or Trust Officer shall have the discretionary power to resign from their duties with the Trust Organization by appropriately providing 30 days written notice.

## G. Trustee Removal

1. A Trustee may be removed from office:

    a. for **Gross Neglect of Duty** - removal by the unanimous vote of the other Trustees excluding any Grantor-Trustee;
    b. by **Mandate of a Court of Competent Jurisdiction** - when guilty of fraud, theft, malfeasance in office, or other sufficient lawful or legal cause;

2. In the event of incapacitation, death, resignation, or removal from office of any Trustee, the Board of Trustees shall, by unanimous vote, excluding any Grantor-Trustee, either appoint a Successor Trustee, or vote to reduce the number of Trustees.

3. Should there remain no qualified Trustees to vote for a Successor-Trustee the standby Protector (should the Trustees elect to appoint one by resolution) shall perform to appoint one Trustee who shall have the power to appoint other Trustees.

4. Changes of Trusteeship for any reason shall not dissolve, terminate, or impede the day-to-day operations of the Trust Organization.

## H. Special Meetings

1. The Board of Trustees shall provide for meetings at stated intervals without notice.

2. One or more Trustees upon one (1) days' notice, which may be waived by any or all Trustees, may call special meetings.

3. A majority of all the Trustees shall constitute a quorum for conducting business at any meeting.

4. All meetings may be held anywhere in the world, including telephonically.

5. Participation and voting at any meeting may be by way of telephone or other electronic process, as well as physical presence, so long as any such voting is followed with a writing to the non-present Trustees, stating the particulars of such vote and a copy of any minutes recorded.

6. Any actions of the Board of Trustees shall require a unanimous vote.

## AMOS MILLER ORGANIC FARM TRUST | 2022

### I. Limited Liability

1. The Trustee(s) shall, in his(their) capacity as the Board of Trustees, and not as individual men, or entities, assume or incur only such liability as shall attach to the Trust assets.

2. This liability shall not in any manner jeopardize their private or personal holdings, and for any losses they should suffer for any reason through rendering services as the Board of Trustees, they shall be reimbursed from the Trust property to the same extent as would non-interested men, or entities, except for any loss sustained by reason of breach of fiduciary duty.

### J. Transfer of Trust Certificate Units (TCUs)

1. In accordance with the purposes of this Trust Organization, the transfer of TCUs is strictly limited.

2. The lawful Holder of any TCUs, as recorded in the Minutes of the Trust, may transfer, sell, exchange or give those TCUs to any other man, men, or entity(ies), provided however, that such transfer is not effective unless and until it has been approved by unanimous consent of all Trustees, excluding any Grantor-Trustees, by written Minute of the Board of Trustees.

3. The transfer is effective after the old TCUs are surrendered to the Board of Trustees, the transfer is noted in the records of the Trust, and a new Certificate is issued to the new Holder.

4. Approval of a legitimate transfer shall not be unreasonably withheld.

5. However, in accordance with the stated purposes of the Trust Organization, approval of any transfer may be withheld if, in the opinion of the Board of Trustees, the transfer is an attempt to use the Holder's TCUs as security for a loan of any nature, or is otherwise an attempt of the Holder to untimely anticipate a distributive share prior to termination.

6. Transfers are not encouraged in any respect, except between family and relatives of Holders.

7. In any determination concerning the approval or disapproval of any contemplated transfer, the Board of Trustees, in their discretion, may require a sworn, or affirmed, statement from the Holder concerning the contemplated transfer.

8. Any determination of the Board of Trustees concerning such approval shall be final.

9. Any rights possessed by any Holder, by reason of his holding TCUs, terminate upon the Holder's death.

10. Any Holder may file a request with the Board of Trustees naming any man, men, or entity(s), to whom he desires his TCUs to be transferred upon his death with full rights being transferred to new Holder.

11. Such requests shall be considered and approved in the same manner as other requests for transfers, and prompt notice shall be given to the Holder, of approval or disapproval and such approval will not be unreasonably withheld.

12. If, upon the death of any Holder, there is contained in the Minutes of the Trust, an approved transfer-upon-death form, upon receipt of the proper notice of such death and the old TCUs by the Board of Trustees, the Board of Trustees shall note the transfer in the records of the Trust and issue new TCUs according to such approved transfer.

13. If no such approved transfer appears in the Minutes, then the Board of Trustees shall transfer such TCUs on a pro-rata basis among the remaining Holders.

14. Settlor may periodically, through the Letter of Wishes, add to existing or replace deceased Beneficiaries per his wishes, and therefore redistribute the appropriate share of TCUs as it deems prudent and wise, and in the best interest of the present Holders. Settlor may not, however, remove any existing Beneficiary once they are appointed. The First Trustee may

assert those addition or replacement directions in Settlor's absence and only when First Trustee deems said change is necessary to properly operate in the best interest of the existing Beneficiaries.

15. A Replacement Beneficiary shall retain all rights previously held by a Predecessor Beneficiary.

### K. Asset Distributions

1. If it is determined by the Board of Trustees that there is income distributable to the Holders of TCUs, or income taxable to the Trust Organization if not distributed, the Board of Trustees, without discretion, must distribute a sufficient amount of such income so as to prevent such income from being taxable to the Trust Organization.

2. If, after such distribution, any income remains, it shall be deemed to be principal and allocated to the Corpus.

3. The proportionate share of distributed income to which each Holder is entitled is not discretionary but is determined solely by the number of TCUs held.

4. The Trust Estate may be subdivided into separate superior or subordinate trusts, shares or entities if such breakdown will, at the sole discretion of the Board of Trustees, simplify administration, avoid difficulty between Beneficiaries, or better permit the carrying out of the intent and purpose of the Trust Terms and Conditions and Trust Organization Rules.

5. The Board of Trustees may take action as described in #4 above without being required to make a physical segregation or division of assets in any respect or manner.

6. The Board of Trustees shall make a determination as to the existence or nonexistence of distributable earnings at convenient intervals no greater than monthly.

7. Any beneficiary may apply to the Board of Trustees for an advance towards future distributions of both income and principal.

8. The Board of Trustees may consider such applications based upon emergency circumstances relating to health, education, or maintenance.

9. The Board of Trustees, in their discretion, may, at any time, distribute to such Beneficiary, any sum, which the Board of Trustees feels, is consistent with the purposes and intent of the Trust Terms and Conditions and Trust Organization Rules, and the rights of the other Beneficiaries.

10. Any such distribution shall be charged to the account of such Beneficiary and deducted from any future distribution of income. Should future income distributions be insufficient to cover any such advances, the balance of such advance shall be deducted from any share of Trust assets to be distributed to such Beneficiary upon termination.

11. Any decision of the Board of Trustees to distribute or not to distribute, to advance or not to advance or as to the sum of any such advance shall be final.

12. No future benefit devolving on any Beneficiary under the Trust Organization terms or settlement shall form or constitute a portion of any communal or joint estate of such Beneficiary, but shall be and remain the sole, separate, and exclusive property of such Beneficiary.

13. Should such Beneficiary be married or marry in community of property, then any benefit so accruing from this Trust Organization shall be expressly excluded from the community.
14. Such benefit shall also be free from the interference, control, or marital power of any spouse of such Beneficiary.

## AMOS MILLER ORGANIC FARM TRUST | 2022

15. For the purposes of this paragraph, the term "benefit" shall include movable and immovable property, assets, and other things of value and the provisions of this paragraph shall apply moreover not only to the benefit actually delving on such Beneficiary, but also to any and all benefits at any time thereafter directly or indirectly acquired by means of the proceeds thereof.

### L.  Structure Termination

1. Upon the expiration of the term of this Trust, the Trust Organization shall automatically expire.

2. The Board of Trustees shall have the continuing authority to act to wind up the affairs of the Trust Organization, as is necessary, past the date of expiration.  In the event that the Trust Terms and Conditions was recorded, a Notice of Termination shall also be recorded and published, as necessary.

3. The Board of Trustees shall pay all remaining obligations of the Trust Organization and distribute the remaining assets to the Beneficiaries in direct proportion to the number of TCUs held.

4. Upon receiving receipts for the distribution of the remaining assets to the Beneficiaries, the Trustees shall be automatically discharged hereunder, provided that their administration and distributions have been made in accordance with the terms and provisions of the Trust Terms and Conditions and Trust Organization Rules.

5. Otherwise, a judicial power court of common law of competent jurisdiction, as opposed to a mere ministerial proceeding, may be called upon to review and correct any tort or error, whereby the Trustee must have evidence of a corpus delecti arising out of the Trust's activities against another before allowing any litigation of any kind to proceed.

### M.  Term Renewal

1. The Board of Trustees shall have the power to renew the Trust Organization for any reasonable term, not to exceed the original term, if it is deemed by the Board of Trustees to be in the best interest of the Beneficiaries and none of the Beneficiaries object.

2. If any Beneficiary objects, the Board of Trustees may, in their discretions, distribute to that Beneficiary such portion of the Trust assets as he would have been entitled to had the Trust terminated, and continue the Trust Organization as to the remaining Trust assets and Beneficiaries.

3. In that case, the Board of Trustees shall call in all TCUs and redistribute them to reflect the remaining Beneficiaries' interests.  A resolution of any such renewal shall be entered into the Minutes of the Trust.

4. If the Trust Terms and Conditions have been recorded, notice of renewal shall also be recorded, and published, as necessary.

5. Any vote concerning renewal shall take place not more than one hundred twenty (120) days and not less than sixty (60) days before the date the Trust is due to expire.

6. If the Trust is renewed, it may, in like manner, be renewed again before the end of any renewal term.

### N.  Mandatory Non-Disclosure

1. It is imperative that no Officer of this Trust Organization disclose to any member of the general public, private business or counsel, any information pertaining to the TCU Holders / Beneficiaries.

## AMOS MILLER ORGANIC FARM TRUST | 2022

2. It is against the intention and wishes of the Settlor for anyone to disclose the identities of any and all TCU Holders / Beneficiaries of this Trust Organization.

3. Therefore, no non-officer shall be permitted to view any documents of this Trust Organization except for the "Declaration of Trust" and the "Trust Terms and Conditions" sections of the original formation agreement, and then, only with the direct supervision and discretion of the First Trustee.

4. Each and every man, or man controlling an entity and acting as a person, appointed by the Board of Trustees shall agree to and sign an **Oath of Privacy** which shall be set out in a Resolution of the Board of Trustees, copies of which, signed by such appointee, shall be made a permanent part of the records of this Trust Organization.

### O.  Amendments

1. The Board of Trustees shall have the power to amend the Trust Terms and Conditions, or Trust Organization Rules to better carry out the purposes and intent thereof, or in order to conform to or comply with any **applicable** law, rule, regulation or order of any government body, **when applicable**, provided, however, that any such amendment may not be inconsistent with the basic Trust Organization purposes and intent, and not in derogation of the fiduciary obligations to the TCU Holders.

2. Any Grantor-Trustee shall abstain from voting on any amendments and the remaining Trustees must vote unanimously for any such amendments to pass and take effect.

### P.  OATH OF PRIVACY

1. Anyone who subscribes their name to this document agrees to an Oath of Privacy and shall not divulge the contents herein to anyone not affiliated with the Declaration, Terms and Conditions, or the Rules of this Private Independent Contractual Pure Trust agreement and will not allow anyone beyond the Settlor, Board of Trustees, Trust Manager, or Secretary to view the Trust Organization Rules. **Unauthorized disclosure** will result in a fine of 10,000, Pre Anno Domini 1933, United States minted, lawful, one ounce gold eagles assessed to the offending party provable in a court of competent jurisdiction.

2. The First Trustee, or Board of Trustees, or Trust Manager, may allow the perusal of the Declaration, or the Terms and Conditions, and Cover page, and amendments to those herein listed, only in order to conduct everyday business affairs of the maintenance of the Trust.

### Q.  Acceptance

1. IN WITNESS WHEREOF, the Settlor hereof and the First Trustee thereof, in the name of the Board of Trustees, have hereunto set their hands and seals in token of the acceptance of, assent to and covenant to abide by all conditions herein imposed and expressed, this **1st of March C.E. 2022.**

_John K. Stolzfus, Settlor_                    _Amos B. Miller, First Trustee_

Private Trust Written Communications Address:

**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania
United States of America

AMOS MILLER ORGANIC FARM TRUST | 2022

# Schedule A

Entered into this **1st of March C.E. 2022,** by and between the Settlor and the Resident Agent Trustee herein, of

## AMOS MILLER ORGANIC FARM TRUST

in harmony with the Trust Terms and Conditions and the Internal Trust Organization Rules, the Settlor hereby irrevocably conveys to the Board of Trustees, the following described property, assets, and other things of value, and accepted by the Resident Agent Trustee by and on behalf of the Board of Trustees.

This conveyance is **in exchange** for one-hundred (100) units of beneficial interest, hereinafter referred to as Trust Certificate Units (TCUs), that shall be of an equivalent, and yet, indeterminate value to both parties.

This list of property is comprehensive and is the written description of those certain properties which were agreed upon and known to both the Settlor and the First Trustee at the time of the execution of the Trust Indenture, and includes all properties, assets, and other things of value transferred and accepted, to wit:

**Twenty-One (21) Pre-1933 United States Minted One Ounce Silver Coins**

IN WITNESS WHEREOF, we have hereunto set our hands and seals, this **1st of March C.E. 2022.**

_____          _____
**John K. Stolzfus, Settlor**                                 **Amos B. Miller, First Trustee**

Private Trust Written Communications Address:

**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania
United States of America

## AMOS MILLER ORGANIC FARM TRUST | 2022

March 1st, C.E. 2022

To: Board of Trustees
**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania

RE: SETTLOR PREFERENCE FOR ISSUANCE OF TRUST CERTIFICATE UNITS TO
      BENEFICIARY

Gentlemen:

I am writing this letter as my statement of record, which is in accordance with the Trust Terms and Conditions and the Trust Organization Rules of:

## **AMOS MILLER ORGANIC FARM TRUST**

to be signed this date, directing you, the Board of Trustees, to make the initial issue of the one hundred (100) Trust Certificate Units to the following man, entity(ies):

**Certificate Number 001: Amos B. Miller, Jr.**    **- 19 Trust Certificate Units**
**Certificate Number 002: Samuel L. Miller**        **- 18 Trust Certificate Units**
**Certificate Number 003: Elmer L. Miller**          **- 18 Trust Certificate Units**
**Certificate Number 004: Christian L. Miller**      **- 9 Trust Certificate Units**
**Certificate Number 005: Lizzie L. Miller**         **- 9 Trust Certificate Units**
**Certificate Number 006: Linda L. Miller**          **- 9 Trust Certificate Units**
**Certificate Number 007: Barbie L. Miller**         **- 9 Trust Certificate Units**
**Certificate Number 008: Annie L. Miller**          **- 9 Trust Certificate Units**

Note: Unless stated otherwise Beneficiaries are always in their capacity as living wo/man, and not in their capacities as cestuis que trustent of the corporate municipal law form, unless they formally and positively elect otherwise.

The Trustees, for future distribution at Board of Trustee's discretion, hold any of the remaining Trust Certificates.

I would appreciate and am thanking you for your immediate attention in this matter.

Respectfully,

*John K. Stolzfus*

**John K. Stolzfus, Settlor**

---

AMOS MILLER ORGANIC FARM TRUST | 2022

# NOTICE OF SPECIAL MEETING

DATE:        February 28, C.E. 2022

FROM:       **John K. Stolzfus, Settlor**

TO:            **Amos B. Miller, Trustee**

RE:            Creation of Trust.

Gentlemen,

A meeting is hereby called to discuss the creation of a Trust under Common Law on February 28, C.E. 2022 at 0900 PST on the Land/soil of Lancaster county, Pennsylvania.

The name of this Trust shall be: **AMOS MILLER ORGANIC FARM TRUST.**

Your attendance will be greatly appreciated.

Cordially,

By: _John K. Stolfz_
**John K. Stolzfus, Settlor**.

AMOS MILLER ORGANIC FARM TRUST | 2022

# MINUTES OF SPECIAL MEETING OF THE MINDS TO CREATE A TRUST BY PRIVATE CONTRACT

February 28, C.E. 2022.

To whom it may concern:

On February 28, C.E. 2022, a special meeting was convened in Bird-in-Hand, Pennsylvania, in order to arrange for the creation of a Trust.

Attending said meeting were the following:

John K. Stolzfus, Settlor,
Amos B. Miller, Trustee

The meeting was called to order at 0900 PST. It was decided that a trust agreement shall be formed for the purposes of carrying on private international business affairs. It was decided that a trust structure would be best for carrying our intentions forwards such that our internal operations would not be interfered with by any municipal governmental organization(s). It is acknowledged that the trust organization may have to pay tax(es) periodically to whatever locality is being interfaced on a stamp duty basis.

Respectfully submitted,

By: _John K. Stolzfus_
John K. Stolzfus, Settlor.

## AMOS MILLER ORGANIC FARM TRUST | 2022

**Post address:**                               Minutes of Meeting #1, Board of Trustees
Board of Trustees
**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania

**March 2nd, C.E. 2022**

With all of the Board of Trustees in attendance, the following Minutes were duly adopted and approved by unanimous consent as Minutes of the First Meeting of the Board of Trustees.

Minute No. 1:      In accordance with the Trust Terms and Conditions and the Trust Rules executed this date by and between the Settlor hereof and the First Trustee, the following property is hereby conveyed unto the Board of Trustees:

The full list of described property is attached to the Trust Organization documents as Page 21 entitled **Schedule A** and signed by the Settlor and First Trustee. Said **Schedule A** is accepted and ratified as being the true and correct list of all properties conveyed to and held by the Board of Trustees as of this date.

Minute No. 2:      In accordance with the Trust Terms and Conditions and the Trust Organization Rules executed this date by and between the Settlor thereof and the First Trustee, the Board of Trustees acknowledges the written instructions of the Settlor concerning the issuance of the Trust Certificate Units and acknowledges the issuance of 100 Trust Certificate Units in the following manner, according to the wishes of the Settlor, to wit:

**Certificate Number 001: Amos B. Miller, Jr.      - 19 Trust Certificate Units**
**Certificate Number 002: Samuel L. Miller          - 18 Trust Certificate Units**
**Certificate Number 003: Elmer L. Miller           - 18 Trust Certificate Units**
**Certificate Number 004: Christian L. Miller       - 9 Trust Certificate Units**
**Certificate Number 005: Lizzie L. Miller          - 9 Trust Certificate Units**
**Certificate Number 006: Linda L. Miller           - 9 Trust Certificate Units**
**Certificate Number 007: Barbie L. Miller          - 9 Trust Certificate Units**
**Certificate Number 008: Annie L. Miller           - 9 Trust Certificate Units**

Said certificates are now registered in the Records of the Board of Trustees.

Minute No. 3:      According to the dictates of United States Supreme Court in the case Boyd v. U.S., 166 US 618 (1886) & the case of Silverthorne v. U.S., 251 385 (1920); The Board of Trustees hereby declares all Minutes, schedules, letters, and attachments hereto, of this Trust to be private & inviolable, and therefore are not to be loaned, read or disclosed to anyone at any time, unless it is determined by unanimous consent of the Board of Trustees that disclosure of a particular Minute would be in the best interest of the Trust Organization. The dictates alluded to above are as follows:

"Any compulsory discovery by extorting the party's oath, or compelling the production of his private books and papers, to

convict him of a crime or to forfeit his property, is contrary to the principles of a free government. It is abhorrent to the instincts of an Englishman; it is abhorrent to the instincts of an American. It may suit the purposes of despotic power, but it cannot be pure atmosphere of political liberty and personal freedom".

## AMOS MILLER ORGANIC FARM TRUST | 2022

Minute No. 4:    The Board of Trustees declares the fiscal year of the Trust Organization to be the calendar year. The Board of Trustees shall have the power to change such fiscal year by subsequent Minute if it is determined to be in the best interest of the Trust Organization to do so.

Minute No. 5:    Until changed by future Minute, the annual meeting of the Board of Trustees of **AMOS MILLER ORGANIC FARM TRUST** shall be held on the first business day of the first month after Trust creation each year (in case that date falls on a weekend, said meeting will be held the following Monday), at 9:30 a.m. at a location to be announced by the month prior.

Minute No. 6:    Special meetings called in accordance with the Rules may be held at any time, or any place in the best interest of the Trust Organization.

Minute No. 7:    Should any Trustee vote against any measure being passed upon by the Board of Trustees, and such measure passes in spite of such negative vote, said Trustee shall, when the Minute evidencing such measure is signed, sign their name thereto with the following beside it: "Dissents to Minute Number_____", with the appropriate minute number filled in.

Minute No. 8:    It is in the best interest of the Trust Organization to continue operation in as smooth a manner as possible, even if any Trustee is unable to continue their duties due to death, resignation, or removal from office. Should this happen, the Board of Trustees hereby nominates the following named Successor-Trustee(s) to take the place of the following named Trustee(s) in the event that the Board of Trustees desires to fill the vacancy so created, rather than to reduce the number of Trustees on the Board of Trustees:

   **First Trustee: Amos B. Miller**
   **Successor First Trustee:**

   Any such death, resignation, or removal from office of any Trustee shall be noted in the Minutes of the Trust Organization, along with the decision of the Board of Trustees to either fill the vacancy so created or to reduce the number of Trustees. Should the Board of Trustees vote to fill such a vacancy, the Successor-Trustee shall immediately be notified by Certified Mail of their conditional appointment to the Board of Trustees as Trustee. Acceptance of such appointment shall be by special meeting called for such purpose & with an appropriate Minute signed by the accepting Trustee. Upon the appointment of any new Trustee to the Board of Trustees, the Board of Trustees shall, in like manner, nominate a Successor -Trustee for such new Trustees.

   The Board of Trustees may, in its discretion, by appropriate Minute, allow for the pre-acceptance of the position of Trustee by any Successor -Trustee. The effect of any such pre-acceptance shall be to make the appointment of such Successor-Trustee automatic upon receipt by such Successor-Trustee of written notice of the death, resignation, or removal from office of the Trustee they are named to succeed. No further action of the Board of Trustees shall then be necessary to enable such Trustee to exercise the full powers of this Trust Organization. However, an appropriate Minute shall be made reflecting that such has taken place as soon thereafter as conveniently possible.

Minute No. 9:    The Board of Trustees shall reimburse any Trustee for all necessary expenses incurred by such Trustee for travel on business of the Board of

## AMOS MILLER ORGANIC FARM TRUST | 2022

Trustees, as well as any expenses incurred by such Trustee incidental to his service as Trustee. To receive repayment of such expense, the

Trustee must submit to the Board of Trustees, written evidence of such expense, such as a written log of travel, gas receipts, meal receipts, lodging receipts, and the like. The Board of Trustees may, in its discretion, prepay the expenses of such travel or work for the Board of Trustees by the Trustee. Such Trustee shall account to the Board of Trustees for the expenditure of such prepayment and reimburse the Board of Trustees of any overpayment.

Minute No. 10:   It being the intent of the Settlor hereto to preserve this Trust Estate, it shall be the policy of the Board of Trustees not to utilize the services of any individual man or entity, unless such can be done on a Private Independent Contractor, or Contract Worker, basis to eliminate the added expense of Social Security Taxes, Unemployment Taxes, Workmen's Compensation Insurance and the like.

* **Greidinger v. Davis, (4th Cir. 1993) 988 F.2d 1344, at 1345, <u>A man, or United States citizen, is not required to possess a Social Security Number</u>**. This is paraphrased.

Minute No. 11:   All Minutes, Resolutions, Records, or other Documents concerning this Trust shall include the signature of the First Trustee.

There being no further business to come before this meeting, upon a motion duly made, seconded, and carried, the meeting was adjourned. This document is subscribed under official seal.

*Amos B. Miller*

**Amos B. Miller, First Trustee**

## AMOS MILLER ORGANIC FARM TRUST | 2022

**Situs address:**
Board of Trustees
**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania

The Absolute Right of contract protected by Common Law creates this Document

### Declaration and Contract for Trust Manager establishment

*Amos B Miller* _____ [name], is offered and hereby established by contract agreement to be the Trust Manager for **AMOS MILLER ORGANIC FARM TRUST**, who shall have all rights and responsibilities to administer the trust known as **AMOS MILLER ORGANIC FARM TRUST** for the purpose of providing for the selected beneficiary. **Acceptance** is hereby acknowledged by Trust Managers signature on Trust documents and the signature block listed below. **Consideration** shall be paid as private contract terms dictated by Primary Trustee and shall not be revealed beyond the Board of Trustees and Trust Manager, however it should be mentioned that the powers of the Trust Manager are sufficiently broad to allow for whatever financial arrangements are deemed necessary and proper to fulfill the intentions of the Settlor and the beneficial interests of the beneficiary(ies).

IN WITNESS WHEREOF, the parties hereto have executed this agreement on this 2nd day of ____Mar____, A.D. 20 22

*Amos B Miller*
**Amos B. Miller, First Trustee**

*Amos B Miller*
**[Print Name] -**
**Trust Manager**

## AMOS MILLER ORGANIC FARM TRUST | 2022

# TRUST DIAGRAM FOR EASY REFERENCE

| Trust Name:  AMOS MILLER ORGANIC FARM TRUST |
|---|
| Settlor: **John K. Stolzfus** |
| Trustee(s): **Amos B. Miller**, 1st Trustee, _____, *Successor* |
| Trust Manager: |
| Beneficiaries: **Amos B. Miller, Jr.** (19%), **Samuel L. Miller** (18%), **Elmer L. Miller** (18%), **Christian L. Miller** (9%), **Lizzie L. Miller** (9%), **Linda L. Miller** (9%), **Barbie L. Miller** (9%), **Annie L. Miller** (9%) |

| Trust Name: |
|---|
| Settlor: |
| Trustee(s): Secretary: |
| Trust Manager: |
| Beneficiary: |

| Trust Name: |
|---|
| Settlor: |
| Trustee(s): Secretary: |
| Trust Manager: |
| Beneficiary: |

| Trust Name: |
|---|
| Settlor: |
| Trustee(s): Secretary: |
| Trust Manager: |
| Beneficiary: |

AMOS MILLER ORGANIC FARM TRUST | 2022

# ADDRESS OF BENEFICIARIES

Date: March 1st, 2022.

To: Board of Trustees
   **AMOS MILLER ORGANIC FARM TRUST**
   Non-Domestic
   c/o: 648 Mill Creek School Road; near
   Bird-in-Hand [17505]
   Pennsylvania

LETTER TO TRUSTEES FOR **AMOS MILLER ORGANIC FARM TRUST** FROM
SETTLOR

The following is the address of the beneficiaries.

|                        Telephone #                        |                        Address                        |

**Amos B. Miller, Jr.,** 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania
**Samuel L. Miller**, 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania
**Elmer L. Miller**, 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania
**Christian L. Miller**, 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania
**Lizzie L. Miller**, 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania
**Linda L. Miller**, 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania
**Barbie L. Miller**, 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania
**Annie L. Miller**, 648 Mill Creek School Road, Bird-in-Hand [17505], Pennsylvania

Respectfully Submitted,

Thank you,

*John K. Stolzfus*

**John K. Stolzfus, Settlor**

## AMOS MILLER ORGANIC FARM TRUST | 2022

# LETTER OF WISHES

Date: March 1st, C.E. 2022.

To:  Board of Trustees
   **AMOS MILLER ORGANIC FARM TRUST**
   Non-Domestic
   c/o: 648 Mill Creek School Road; near
   Bird-in-Hand [17505]
   Pennsylvania

### LETTER TO TRUSTEES OF **AMOS MILLER ORGANIC FARM TRUST** FROM SETTLOR

The contract agreement you have been hired to operate is based in Common Law.  Although I no longer have any authority over the property transferred, I am requesting the following be performed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I would appreciate your immediate attention in this matter.

Respectfully,

Thank you,

*John K. Stolzfus*

**John K. Stolzfus, Settlor**

| AMOS MILLER ORGANIC FARM TRUST | 2022 |
| --- | --- |

# Affidavit of Settlor

**State of Pennsylvania** )
                   )    **Subscribed, affirmed, and sealed**
**Lancaster county** )

**1.** Be it known that on the **1st of March C.E. 2022, John K. Stolzfus,** did place certain substantial property into a contractual trust relationship known as **AMOS MILLER ORGANIC FARM TRUST** with Amos B. Miller, First Trustee.

*John K. Stolf*

**John K. Stolzfus**

---

**Jurat/Acknowledgment**

**State of Pennsylvania** )
                   )    **Subscribed, affirmed, and sealed**
**Lancaster county** )

On this **26** day of **April** C.E. **2022,** the signor, Settlor of the aforementioned trust, did personally appear before me, is known to be the man described herein, who executed the foregoing affidavit, acknowledged the contents thereof, and executed the same as his free act and deed.

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.**

**Subscribed** and affirmed to before me the undersigned Notary.

**Notary Officer** *Charmayne Bloom*

Commonwealth of Pennsylvania - Notary Seal
Charmayne Bloom, Notary Public
Lancaster County
My commission expires June 18, 2024
Commission number 1242806

## AMOS MILLER ORGANIC FARM TRUST | 2022

# Affidavit of First Trustee

State of Pennsylvania            )
                                 )        Subscribed, affirmed, and sealed
Lancaster county                 )

**1.** Be it known that on the **1st of March C.E. 2022, John K. Stolzfus,** did place certain substantial property into a contractual trust relationship known as **AMOS MILLER ORGANIC FARM TRUST** with **Amos B. Miller, First Trustee.**

**2.** The purpose of this document is to communicate to any person requesting, that **Amos B. Miller,** has accepted the position as First Trustee of **AMOS MILLER ORGANIC FARM TRUST.** This document was created to satisfy the need to positively communicate the good and lawful intentions through a verified method of identification via a Notary.

*[signature]*

Amos B. Miller, First Trustee

---

### Jurat/Acknowledgment

State of Pennsylvania            )
                                 )        Subscribed, affirmed, and sealed
Lancaster county                 )

On this 26 day of April C.E. 2022, the signor, First Trustee of the aforementioned trust, did personally appear before me, is known to be the man described herein, who executed the foregoing affidavit, acknowledged the contents thereof, and executed the same as his free act and deed.

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.**

**Subscribed** and affirmed to before me the undersigned Notary.

Notary Officer *Charmayne Bloom*

> Commonwealth of Pennsylvania - Notary Seal
> Charmayne Bloom, Notary Public
> **Lancaster County**
> My commission expires June 18, 2024
> Commission number 1242806

---

AMOS MILLER ORGANIC FARM TRUST | 2022

# Affidavit of First Trustee

| State of Pennsylvania | ) | |
|---|---|---|
| | ) | **Subscribed, affirmed, and sealed** |
| Lancaster county | ) | |

**1.** Be it known that on the **1st of March C.E. 2022, John K. Stolzfus**, did place certain substantial property into a contractual trust relationship known as **AMOS MILLER ORGANIC FARM TRUST** with Amos B. Miller, First Trustee.

**2.** The purpose of this document is to communicate to any person requesting, that **Amos B. Miller**, has accepted the position as First Trustee of **AMOS MILLER ORGANIC FARM TRUST**. This document was created to satisfy the need to positively communicate the good and lawful intentions through a verified method of identification via a Notary.

*Amos B. Miller, First Trustee*

---

**Jurat/Acknowledgment**

| State of Pennsylvania | ) | |
|---|---|---|
| | ) | **Subscribed, affirmed, and sealed** |
| Lancaster county | ) | |

On this 26 day of April C.E. 2022, the signor, First Trustee of the aforementioned trust, did personally appear before me, is known to be the man described herein, who executed the foregoing affidavit, acknowledged the contents thereof, and executed the same as his free act and deed.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.

**Subscribed** and affirmed to before me the undersigned Notary.

Notary Officer *Charmayne Bloom*

Commonwealth of Pennsylvania - Notary Seal
Charmayne Bloom, Notary Public
Lancaster County
My commission expires June 18, 2024
Commission number 1242806

---

AMOS MILLER ORGANIC FARM TRUST | 2022

# Affidavit of Second Trustee

State of Pennsylvania        )
                             )        **Subscribed, affirmed, and sealed**
Lancaster county             )

**1.** Be it known that on the **1st of March C.E. 2022**, John K. Stolzfus did place certain substantial property into a contractual trust relationship known as **AMOS MILLER ORGANIC FARM TRUST** with Amos B. Miller, First Trustee.

**2.** The purpose of this document is to communicate to any person requesting that _____, has accepted the position as **Second Trustee** of **AMOS MILLER ORGANIC FARM TRUST**. This document was created to satisfy the need to positively communicate the good and lawful intentions through a verified method of identification via a Notary.


------------------------------
_____, **Second Trustee**

---

**Jurat/Acknowledgment**

State of Pennsylvania        )
                             )        **Subscribed, affirmed, and sealed**
Lancaster county             )

On this ____ day of _____ C.E. 2022, the signor, **Second Trustee** of the aforementioned trust, did personally appear before me, is known to be the person described herein, who executed the foregoing affidavit, acknowledged the contents thereof, and executed the same as his free act and deed.

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.**

**Subscribed** and affirmed to before me the undersigned Notary.


**Notary Officer**_____

## AMOS MILLER ORGANIC FARM TRUST | 2022

# Affidavit of Third Trustee

State of Pennsylvania        )
                             )        **Subscribed, affirmed, and sealed**
Lancaster county             )

**1.** Be it known that on the **1st of March C.E. 2022**, John K. Stolzfus did place certain substantial property into a contractual trust relationship known as **AMOS MILLER ORGANIC FARM TRUST** with **Amos B. Miller, First Trustee.**

**2.** The purpose of this document is to communicate to any person requesting that _____, has accepted the position as **Third Trustee** of **AMOS MILLER ORGANIC FARM TRUST**. This document was created to satisfy the need to positively communicate the good and lawful intentions through a verified method of identification via a Notary.

_____

_____, **Third Trustee**

---

**Jurat/Acknowledgment**

State of Pennsylvania        )
                             )        **Subscribed, affirmed, and sealed**
Lancaster county             )

On this ____ day of _____ C.E. 2022, the signor, **Third Trustee** of the aforementioned trust, did personally appear before me, is known to be the person described herein, who executed the foregoing affidavit, acknowledged the contents thereof, and executed the same as his free act and deed.
**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.**

**Subscribed** and affirmed to before me the undersigned Notary.

**Notary Officer** _____

---

Articles of Incorporation
of
The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole,
over/for **Amos Miller Organic Farm**
(an unincorporated Religious based and eleemosynary society)

For <u>filing purposes</u> the above stated Articles of Incorporation are required by the statutory
law and the Pennsylvania Secretary of State, otherwise it would be stated as hereunder shown.

# Instrument of Acknowledgment
## by
# The State of Pennsylvania
## and
# STATE OF PENNSYLVANIA
## for

(This is a Previously Existing and Established Office of a Corporation Sole (Overseer) and Successors)
This document acknowledges a previously created Altruistic/Eleemosynary (Charitable) Society protected in the nature
of the First Article of the Bill of Rights (First Amendment) and

# The Office of the Presiding Patriarch (Overseer),
## and her successors, a corporation sole, over/for
# Amos Miller Organic Farm
## (an unincorporated Religious based and eleemosynary society)

# Definitions

These definitions are provided to clarify or eliminate the possibility of misconstruing the language of the document. For the purposes of the document, the terms are defined for this "Instrument of Acknowledgment" for Amos Miller Organic Farm.

Articles of Incorporation - means "This document" which had to have the title altered so as to be accepted by The Secretary of State as NOTICE of the existence of Amos Miller Organic Farm, an unincorporated Religious based and eleemosynary society and The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for **Amos Miller Organic Farm,** (an unincorporated Religious based and eleemosynary society).

Assembly of Believers - means - the peculiar men and women before the formation of Amos Miller Organic Farm, an unincorporated Religious based and eleemosynary society.

Instrument of Acknowledgment - means – "This document" and all "its" contents from Page One through the last page.

Common Law – means – The American Common Law only in so far as it conforms to the laws of restitution as outlined in Torah and the canon of the Bible.

Covenant of Silence - means - That the Office holder cannot discuss or display anything about the peculiar members, or any prior, current, or future Officer holder, or discuss or cause to be communicated any acts performed, discussed or otherwise caused to be revealed documents or records, without incurring the penalties for breach of Covenant of Silence subject to self-assessment for the full amount indicated.

Peculiar Member(s) - means - Member(s) of Amos Miller Organic Farm, an unincorporated Religious based and eleemosynary society.

The Office of the Presiding Patriarch (Overseer) - means - The peculiar member elected, sustained, and ordained to "This Office", and is to be commonly referred to as Overseer, Presiding Overseer, or Presiding Patriarch.

Religious based and eleemosynary society - means - the peculiar members of Amos Miller Organic Farm, which is the Assembly of Believers united in fellowship, religious purpose in nature, and intent.

Successors - means - The Office holders that occur after the present Officer holder's demise or abdication.

this State – means – The corporation that provides for the business needs for the foundation government, the People, known as this State by assent.

T(t)he Office or T(t)his Office - means - The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, which is formed as a corporation sole, is the governing representative for the unincorporated Religious based and eleemosynary society

This Document - means – "Instrument of Acknowledgment."

Unincorporated Religious based and eleemosynary society - means Amos Miller Organic Farm, which is not and cannot be INCORPORATED.

NOTE: For added emphasis, some words will be bolded, or all CAPITALIZED.


\* Pursuant thereto this Instrument of Acknowledgment (alleged Articles of Incorporation), to which numerical identification(s) are attached by the territory of Pennsylvania (State of Pennsylvania) for clerical or other purposes, establishes no venue or jurisdiction or in any way results in Amos Miller Organic Farm or this instrument being subject to said Pennsylvania or STATE OF PENNSYLVANIA nor in any way grants any authority or powers to said Pennsylvania, Pennsylvania state or STATE OF PENNSYLVANIA over The office of the Presiding Patriarch or Amos Miller Organic Farm, the unincorporated Religious based society, by any instrumentality of said Pennsylvania, Pennsylvania state or STATE OF PENNSYLVANIA.

# Instrument of Acknowledgment
## of
The Office of the Presiding Patriarch (Overseer),
And her successors, a corporation sole, over/for
**Amos Miller Organic Farm**
(an unincorporated Religious based and eleemosynary society)

**Be it known** by these presents that I, The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), am qualified and have been appointed and ordained to The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society).   Having been ordained, I, The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), have taken possession of this Office and do hereby certify, and adopt, in duplicate, this "Instrument of Acknowledgment".  In accordance with the disciplines of Amos Miller Organic Farm, which said **"ASSEMBLY OF BELIEVERS"** through revelation of God, Our Creator, established this Office as a corporation sole.  In conformity with these disciplines, Amos Miller Organic Farm does hereby establish Acknowledgment of the existence, capacity, privacy, powers, and other purposes of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society).  This "Instrument of Acknowledgment" notifies Pennsylvania Territory, alleged STATE OF PENNSYLVANIA, and The State of Pennsylvania of its existence, purpose, and intent.  This certification and adoption is recognized by Territorial public policy in the nature of the alleged Pennsylvania Revised Statutes for Corporation Sole.

# ARTICLES

**ARTICLE I**          (Official Name)

The Official name of the Office, a corporation sole, is:

The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole,
over/for **Amos Miller Organic Farm**
(an unincorporated Religious based and eleemosynary society)

**ARTICLE II**          (Official Address)

The Official postal address of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for **Amos Miller Organic Farm** (an unincorporated Religious based and eleemosynary society) is:

The Office of the Presiding Patriarch (Overseer)
for Amos Miller Organic Farm
c/o: Non-Domestic,
c/o: 648 Mill Creek School Rd.
Bird-in-Hand [17505]
Pennsylvania

**ARTICLE III**          (Purpose and Intent)

The purpose, intent, and mission of Amos Miller Organic Farm is as follows:

OUR MISSION STATEMENT
To faithfully discharge our responsibilities for the benefit of those placed by God in our trust.

**ARTICLE IV**          (Hierarchy of Law)

In the beginning God created. As He is a being of infinite power, He prescribes whatever law He pleases for His creature man. As He is a being of infinite wisdom His laws upon which are founded those relations of justice that exist in nature are precedent to any positive precept. The foundational principle of God's laws for man are that we should live honestly, do no harm, perform our duty, and discharge our obligations to every man as is due. As God himself dictates these laws, His law is superior in obligation to all other laws. It is binding throughout the earth over all sovereignties, in all states, in all venue and jurisdiction. As all just laws among men are derived and predicated upon God's law, as found in the canon of the Bible, said man made laws are therefore admittedly inferior laws. By logical extension (**at the discretion of Overseer**) the body politic of <u>local Amish Ordained Bishops of Pennsylvania</u> and known as the **Old Order Amish** (or Overseer's chosen religious Alternative Dispute Resolution venue) conducting problem resolution through The Ecclesiastical Court of Justice (written communication address: **on the soil of Lancaster County, Pennsylvania as determined by the Bishops (supra), or to be named in a different mailing address document for service of process purposes**) with venue and jurisdiction of the Laws of God, is an ecclesiastic court superior to all civil secular courts and can be contacted through the point of filing and/or the address listed herein. Therefore, all men or entities dealing with this Corporation Sole agree to arbitrate as aforementioned. Also, all principals, agencies, of all corporate [municipal] governments hereby agree and stipulate that the Presiding Patriarch has revested title by trust doctrine of merger and therefore has no Social Insurance Contract. All states agree herein by and through comity.

**ARTICLE V**          (Powers and Authority)

The peculiar members of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) are first and foremost subjects of God, and proclaim our allegiance to Him, as He is our Ruler, our Creator, and our God. We derive all power and authority from Him. All property held by the corporation sole, i.e., The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), is held in trust for the use, purpose, benefit and behoof of the peculiar members of this Sovereign unincorporated Religious based and eleemosynary society. The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), for the purpose(s) of the trust, has the power and authority for negotiating and dealing with all equitable subject matter, particular and peculiar, by contracting in the same manner and to the same extent as natural men and women, and may sue and be sued pursuant to Article IV herein, and may defend in all courts and places, in all matters and proceedings whatsoever. The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), has, in any venue and jurisdiction, authority to borrow Money, giving promissory notes therefor, for dealing in every way in prime notes, noble metals, planchets, commercial liens, stamps, rare earths, mortgages, all manner of edge banking and securing the payment of same by mortgage or other lien upon property, real, personal and mixed. The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), has the authority for buying, selling, leasing, mortgaging and in every way dealing in private, realty and personal property in the same manner as a natural man or woman for the benefit of Amos Miller Organic Farm. The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), are conducting its affairs, carrying on its operations, and have office and exercise the powers granted by this chapter in any state,

territory, district, or possession of the UNITED STATES, United States of America, or in any foreign country and to pay pensions and retirement benefits and establish pension plans, pension trusts, insurance plans, and incentive plans for all or any of its officers and employees.

All Receipt of any form of providence from the most high God of alms shall at all times be received and distributed in secret according to the foregoing command by Elohim, careful never to seek any form of oral or written credit or acknowledgment for such receipt of such distribution.

**ARTICLE VI**          (Covenant of Privacy)

Amos Miller Organic Farm, an unincorporated, non-associated, non-hierarchical, sovereign, religious society does ordain a Covenant of Privacy for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society). The Covenant of Privacy is accepted by the holder of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), to agree to self assessed damages in the amount of One Hundred Thousand ($100,000.00) gold or silver dollars of pre-1933 United States minted coins of the United States of America for unauthorized disclosure and breach of the Covenant of Privacy between the holder of the office of Amos Miller Organic Farm. Said breach of the Covenant of Privacy includes but is not limited to unauthorized use or disclosure of any information pertaining to said members of said society of said Amos Miller Organic Farm religious society. This Covenant of Privacy extends to any and all third parties and said breach of the Covenant of Privacy includes but is not limited to unauthorized use or disclosure of this Document or of any information pertaining to said members of said society of said Amos Miller Organic Farm religious society.

This "Instrument of Acknowledgment" is a **PRIVATE** agreement between the holder of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, and Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), and is not a Public Notice, and no authority is herein granted *to issue any notice to non-participants of this agreement.*

**ARTICLE VII**          (Vacancy and Incumbency)

The manner in which any vacancy occurring in the incumbency of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), is required by the disciplines of this Religious based and eleemosynary society/Assembly to be filled, through an appointment by The Presiding Patriarch, with such peculiar member having been designated and recognized as the successor to The Office, and preferably with the support and blessings of a solemn formal "Popular Assembly" of clerical staff and the general membership of the Amos Miller Organic Farm. In the event, no peculiar member was designated at the demise of the Overseer/Patriarch, the appointment will be effected according to this declination: **Thomas C. Steidel**, or others to be named by amendment to this article.

**ARTICLE VIII** (Subordinated Delegated Authority)

The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), after prayers and counsel from Amos Miller Organic Farm, may appoint to the office of lawyer, for Amos Miller Organic Farm, men of high moral value with a love of the Laws of God, knowledge of the Ecclesiastical Law(s), Canon Law(s), Common Law(s), Private Law(s) and Commercial Law(s). To this office The Presiding Patriarch may issue license to practice all the aforementioned Laws. The holder(s) of this office will go about their duties to administer and practice the Ecclesiastical Law(s), Canon Law(s), Common Law(s), Private Law(s) and Commercial Law(s) in keeping with our beliefs that all men should have their God-ordained rights, both Spiritual and Temporal, well protected and jealously guarded. Whereas The Presiding Patriarch is a Citizen of the Kingdom of Heaven, and subject thereto,

and whereas, no man can serve two masters, and Whereas This Document is stipulated to by the civil authorities, no licensing by civil authorities may be accepted wherein acceptance of said civil license in any manner impinges upon the higher duty to God's laws.

**ARTICLE IX** (Venue and Jurisdiction)

A matter must be expressed to be resolved. In Law, TRUTH is sovereign. TRUTH is expressed in the form of an AFFIDAVIT. An unrebutted AFFIDAVIT stands as TRUTH in Law. An unrebutted AFFIDAVIT becomes the judgment in Law. An AFFIDAVIT of TRUTH, under [commercial law], can only be satisfied: (i) through a rebuttal Affidavit of Truth, point for point, (ii) by payment, (iii) by agreement, (iv) by resolution by a jury by the rules of Common Law. A workman is worthy of his hire. All are equal under the law. Law is similar to mathematics. E.g., If A=B and B=C then A must equal C. If one fact or maxim is true and equal to a second, then a third fact/maxim that is equal to the second must equal the first. The following are Maxims of Law: no one is bound to do what is impossible, abundant caution does no harm, the act of the law does no one an injury, consent makes the law, a contract is a law between the parties, which can acquire force only by consent, the agreement of the parties makes the law of the contract, it is a fault to meddle with what does not belong to or does not concern you, every one ought to be subject to the law of their place where he offends, an error not resisted is approved, to refer errors to their origin is to refute them, it is the part of a good judge to extend the jurisdiction, it is the part of a good judge to acknowledge an asserted jurisdiction challenge when it appears.

The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), gives no consent, express or implied, and expressly objects, with cause, any claim to venue and/or jurisdiction, other than those founded on Common Law(s), Natural Law(s), and Ecclesiastical Law(s). Venue and jurisdiction are in the Ecclesiastical Courts and all such hearings, all briefings and trials are to be recorded in the records of the Ecclesiastical Court. All secular courts must accept the decisions of the Ecclesiastical Judicatories within the structure on questions of discipline, faith, or ecclesiastical rule, custom or law. If the religious doctrine or practice governing the affairs of this peculiar religious and eleemosynary society is inconsistent with the provisions or statutes of "this State" on the same subject, the religious doctrine or practice, as a matter of conscience, shall prevail, ". . ., for we ought to obey God rather than man" (Gen. 26:1-5, Exodus 23:25). This is consistent with our deeply held spiritual belief and training. Any accounting or identifying number attached to this "Instrument of Acknowledgment," or used for clerical purposes, establishes no venue or jurisdiction, or in any way demeans, subjugates or in any way creates a fealty over The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) or Amos Miller Organic Farm, the unincorporated Religious based and eleemosynary society by any alleged C(c)ity, C(c)ounty, S(s)tate, T(t)erritory, C(c)ountry, or any other entity. (This statement is Amos Miller Organic Farm's objection of, and remedy for use of identifier numbers as issued by the alleged State.) The State of Pennsylvania and its sureties hereby stipulate and acknowledge this corporation sole, which can be, and may very well be, used as an alternative to the entity, which the social security administration created.

Overseer has revested title with the United States Attorney General as Alien Property Custodian (Trading With the Enemy Act, 50 U.S.C.) and in his capacity as Common Law Trustee (50 U.S.C. Appx. Sect 12) and has therefore divested himself of the United States of America for any alleged benefits of the post-Erie equity-based law form. This is a matter of record. This filing includes her superiors, subordinates, agencies, officers, agents, employees, relations, etc. Therefore, the grantor trust social security agreement has had merger doctrine applied and has been collapsed. It is now a closed account standing by for set-off.

It may be used to interface with the current Private Corporate Municipal Law form. The Private Corporate Municipal Law form is in most cases a private corporation functioning as a governmental vendor or business provider to perform the business needs for the American original jurisdictional government, originally declared July 4th, AD 1776. This Declaration was formally acknowledged and stipulated to by the European Monarchies and forefathers of the current International Banking Cartel, their superiors, and subordinates.

The witness, Pennsylvania 1776, Preamble. "WE, the people of the Commonwealth of Pennsylvania, grateful to Almighty God for the blessings of civil and religious liberty, and humbly invoking His guidance, do ordain and establish this Constitution.", hereinafter "Pennsylvania Constitution", as Exhibit "A," herein referenced as if fully incorporated, denies any lawful authority for the actual existence of the nul tiel STATE OF PENNSYLVANIA, hereinafter "PENNSYLVANIA", as to time, place and plane in respect to Pennsylvania as one of the several united States of the Union, *de jure*, hereinafter "Pennsylvania", by its Pennsylvania Constitution aforesaid.

As witness, the Pennsylvania Constitution, supra, denies the lawful and legal existence of the nul tiel PENNSYLVANIA as to time and place. Under the Pennsylvania Consitution, supra, created by the People's grant of power, said Pennsylvania Constitution denies the establishment of any office thereof, either executive or legislative, possessing a scope of authority to create any corporate nul tiel PENNSYLVANIA, or to give a scope of authority to any nul tiel actor or agent thereto.

The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), claims on the basis of the two preceding paragraphs above and relies on the case of Ponzi v. Fessenden, 258 United States Supreme Court Reports 254, and therein the opinion of Mr. Chief Justice Taft, to wit:

> "'The forbearance which courts of coordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between State courts and those of the United States, it is something more. It is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty.'

> "The Heyman Case concerned property, but the same principle applies to jurisdiction over persons as is shown by the great judgment of Chief Justice Taney in Ableman v. Booth, 21 How. 506, quoted from, and relied upon, in Covell v. Heyman."

In pursuance to Ponzi, supra, Cook claims that by nul tiel actors or agents, nul tiel PENNSYLVANIA, or any other private corporate STATE OF "X" in the nature therein, may tender commercial presentments, however they may only do so in a deceitful and defective attempt to gain control over "res" or "jurisdiction over persons."

The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) will not recognize nul tiel PENNSYLVANIA, or any other private corporate STATE OF "X" in the nature therein, "in the same plane" as Pennsylvania's sovereign territory on the soil. Therefore, the man representing the Overseer or The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) will not recognize, acknowledge, receive, or accept any contracting party as nul tiel PENNSYLVANIA with which to make an agreement or contract.

The man representing The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), and its associated office, further relies on *Reynolds v. Stockton*, 140 U.S. 254 (1891), here quoting to wit:

> "'Jurisdiction' may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to

which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue. That a court cannot go out of its appointed sphere, and that its action is void with respect to persons who are strangers to its proceedings, are propositions established by a multitude of authorities.

In the case of Packet Co. v. Sickles, 24 How. 333, 341, Mr. Justice CAMPBELL, speaking for the court, declared, that 'the essential conditions under which the exception of the res judicata becomes applicable are the identity of the thing demanded, the identity of the cause of the demand and of the parties in the character in which they are litigants.'"

The man representing The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), and its associated office, makes a claim that if any nul tiel corporate actors or agents for the nul tiel PENNSYLVANIA, desire to make any claim(s), they may do so, *arguendo*, in a capacity pursuant to 28 USC Section 3002(15)(B) as "any agency, department, commission, board, or other entity of the United States" or (C) "an instrumentality of the United States" where "United States" means – "(A) a federal corporation," but not on the soil of Pennsylvania or any other state of the Union.

Therefore, since the [sovereign] man representing The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), and its associated office, operate with consideration in a specific time, place and plane in regard to consideration, The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) shall operate therein as well. Therefore, The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) shall tender payment in substance and shall present current legal tender relief as a relief in law to any other party to allow them penance for their sin of their anti-God based law form. The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) shall forgive any party in advance for participating within any anti-God law form when The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) presents consideration in its law form with additional consideration to satisfy the other party's current legal tender requisite. However, any other non-substance based party's consideration requirements shall be treated in scale and therefore substance based consideration used for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) may not be in the same scale as another party with which The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) interfaces. The consideration by which The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) is based is as follows:

A "dollar" specifies a certain quantity, 24.8 grains of gold, or 371.25 grains of silver. A dollar is: "The money unit employed in the united States of the value of one hundred cents, or of any combination of coins totaling 100 cents." A cent is: "A coin of the united States, the least in value of those now minted. It is the hundredth part of a dollar."

## ARTICLE X                    (Covenants)

Amos Miller Organic Farm does establish for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), a Covenant of Silence, or other private Covenants. The Covenant of Silence, or other private Covenants, is/are between the Office and the peculiar members dealing in secular and spiritual relationships, documents

thereto, and equity.  Each Office holder is required to affirm his /her acceptance of the Covenant of Silence or other private Covenants, until his/her death. Each Office holder agrees to set off for liquidated damages by self-assessment the amount of One Hundred Thousand ($100,000.00) gold or silver dollars of pre-1933 United States minted coins of the United States of America for each occurrence of a breach.

**ARTICLE XI**               (Previous Actions)

It is hereby acknowledged by all parties noticed herein that Overseer has been operating in this capacity and performing the functions listed in the above listed mission statement for several years.

**ARTICLE XII**              (Date of Document)

All year dates referenced within this document although stated as A.D. (Anno Domini) 2022.
\
\
\

**ARTICLE XIII**          (Registered Agent)

IN THE MATTER OF The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), Amos B. Miller, Overseer:

I, Amos B. Miller, in my Sovereign capacity do hereby accept appointment as Resident Agent, c/o: Non-Domestic, c/o: 648 Mill Creek School Rd., Bird-in-Hand, Pennsylvania Republic [17505], do hereby accept appointment as receiver of written communication matter for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society).

_____          _____ 26 April _____, A.D. 2022.
Amos B. Miller in my Sovereign capacity
for:

The Office of the Presiding Patriarch (Overseer), and her successors,
a corporation sole, over/for Amos Miller Organic Farm
(an unincorporated Religious based and eleemosynary society)

General Certification

I, **Amos B. Miller**, as Overseer for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), a peculiar member of Amos Miller Organic Farm, and who, by executing this "Instrument of Acknowledgment" of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), certify, attest, and affirm that I have read the foregoing and know that the content thereof, to the best of my knowledge, understanding and belief, is true, correct, complete and certain, not misleading, the truth, the whole truth and nothing but the truth.  This I so pledge, declare, and affirm before my Creator, that I hereby and hereunto set my hand and seal as my free and voluntary Act and Deed for the uses and purposes herein mentioned.  Executed this, the 20 Day of the April Month in the Year A.D. 2022.

It is understood and agreed that The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), shall begin at 12:00 noon on the ___ day of the ___ month in the Year A.D. 2022.

_____
Amos B. Miller, Patriarch /Overseer,
over/for The Office of the Presiding Patriarch (Overseer) a corporation sole,
over/for Amos Miller Organic Farm
(an unincorporated Religious based and eleemosynary society)

on the soil                      )
Lancaster county                 ) ss: ASSEVERATION
Pennsylvania                     )
United States of America         )

Amos B. Miller, personally appeared before us, and is known to us to be the man, being described in and who executed the within and foregoing Instrument Of Acknowledgment, of The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), acknowledged that he signed the same as her free and voluntary Act and Deed for the uses and purposes therein mentioned, On this, the 26 Day of the April Month A.D. 2022.

_____
Amos B. Miller, Overseer,
over/for The Office of the Presiding Patriarch (Overseer) a corporation sole,
over/for Amos Miller Organic Farm
(an unincorporated Religious based and eleemosynary society)

LET THIS STAND AS THE TRUTH BEFORE GOD ALMIGHTY
AND BE ESTABLISHED BEFORE MEN AS THE SCRIPTURES SAITH

"Deuteronomy 19:15 One witness shall not rise up against a man for any iniquity, or for any sin, in any sin that he sinneth: at the mouth of two **witnesses**, or at the mouth of three **witnesses**, shall the matter be established."

WITNESSES:

1. _____

2. _____

3. _____

| Jurat/Acknowledgment |
|---|

Pennsylvania          )
                      )
Lancaster county      )        Subscribed, affirmed, and sealed

On this 26 day of April , A.D. 2022, The Presiding Patriarch (Overseer) did personally appear before me, is known to be the man described herein, who executed the foregoing affidavit, acknowledged the contents thereof, and executed the same as his/her free act and deed.  Subscribed and affirmed to before me the undersigned Notary.

Commonwealth of Pennsylvania - Notary Seal
Charmayne Bloom, Notary Public
Lancaster County
My commission expires June 18, 2024
Commission number 1242806

Notary Officer   Charmayne Bloom

on the soil                     )
Lancaster county                ) ss: ASSEVERATION
Pennsylvania                    )
United States of America        )

I, Amos B. Miller, am the duly appointed Overseer over/for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), by virtue of Spiritually and Divinely inspired appointment and, having been sustained as such by unanimous decision, by the general membership of said Amos Miller Organic Farm, in a special Popular Assembly meeting, do hereby declare and state that, following such appointment and sustaining vote of the Popular Assembly, I, Amos B. Miller, Overseer was duly ordained to this Office and present this certificate as NOTICE to all MANKIND, CORPORATIONS and GOVERNMENTS of my acceptance and ordination to The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society) on this the _26th_ Day of the _2nd_ Month in the Year A.D. 2022.

Having accepted this appointment and being formally ordained to The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), I, Amos B. Miller, Overseer, do hereby declare that I now have the power and authority vested in me to govern the affairs of said religious and eleemosynary society and to perform and execute in the capacity of such Office, on all subject matter, whether particular or peculiar, including all sacerdotal functions, and all additional functions that may be asked or required of me to guarantee perpetuity of said religious and eleemosynary society.

The aforementioned is hereby attested to as being true, correct, complete and certain, not misleading, the truth, the whole truth, and nothing but the truth, of said appointment and ordination herein contained and this I so pledge, declare and affirm before my Creator.

Amos B. Miller, Overseer,
over/ for The Office of the Presiding Patriarch (Overseer)
a corporation sole, over/for Amos Miller Organic Farm
(an unincorporated Religious based and eleemosynary society)

on the soil                    )
Lancaster county               ) ss: ASSEVERATION
Pennsylvania                   )
United States of America       )

Amos B. Miller, in The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), having first stated by prayer and conscience, avers, deposes, and says:

**Thomas C. Steidel** is the duly appointed Scribe for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), by virtue of Spiritually and Divinely inspired appointment and she is, and has been sustained as such, by the general membership of said Amos Miller Organic Farm AND The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), in a special Popular Assembly meeting on the *26th* Day of the *April* Month in the Year, A.D. 2022, as evidenced by an official recording of such appointment signed by, Amos B. Miller, Presiding Patriarch over/for Amos Miller Organic Farm AND The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society).

The aforementioned is hereby, attested to as being true, correct, complete and certain, not misleading, the truth, the whole truth and nothing but the truth of said appointment herein contained and this I so pledge, declare and affirm before my Heavenly Creator.

*Amos B. Miller*

Amos B. Miller, Overseer,
over/for The Office of the Presiding Patriarch (Overseer), a corporation sole,
over/for Amos Miller Organic Farm
(an unincorporated Religious based and eleemosynary society)

on the soil                          )
Lancaster county                     ) ss: ASSEVERATION
Pennsylvania                         )
United States of America             )

**Thomas C. Steidel** as Scribe, having first stated by prayer and conscience, avers, deposes, and says:

Amos B. Miller, is the duly appointed, qualified, Presiding Patriarch, a corporation sole, over/for The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), by virtue of Spiritually and Divinely inspired appointment and is, and has been sustained as such, by the general membership of said Family religious and eleemosynary society AND The Office of the Presiding Patriarch (Overseer), and her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society), in a special Popular Assembly meeting on the 26TH Day of the 4TH Month in the Year A.D. 2022, as evidenced by an official recording of such appointment signed by  Thomas C. Steidel, Scribe for The Office of the Presiding Patriarch (Overseer), a her successors, a corporation sole, over/for Amos Miller Organic Farm (an unincorporated Religious based and eleemosynary society).

The aforementioned is hereby, attested to as being true, correct, complete and certain, not misleading, the truth, the whole truth and nothing but the truth of said appointment herein contained and this I so pledge, declare and affirm before my Creator.

_____

Thomas C. Steidel as Scribe,
for The Office of the Presiding Patriarch (Overseer), a corporation sole,
over/for Amos Miller Organic Farm
(an unincorporated Religious based and eleemosynary society)

**Post address:**                                    Minutes of Meeting #2, Board of Trustees
Board of Trustees
**AMOS MILLER ORGANIC FARM TRUST**
Non-Domestic
c/o: 648 Mill Creek School Road; near
Bird-in-Hand [17505]
Pennsylvania

**March 3rd, C.E. 2021**

With all of the Board of Trustees in attendance, the following Minutes were duly adopted and
approved by unanimous consent as Minutes of the First Meeting of the Board of Trustees.

Minute No. 1:       Due to the fact that the Corporate Municipal Law form, UNITED STATES,
                    Inc., and its subsidiary relation STATES, see Dyett v. Turner, 439 P.2d 266,
                    270 (1968)) can only see fictions at law (see Penhallow v. Doane's
                    Administrators, 3 U.S. 54 (1795)) the First Trustee hereby elects to operate
                    by and through a religious corporation sole known as "The Office of the
                    Presiding Patriarch (Overseer), and her successors, a corporation sole,
                    over/for Miller Organic Farm (an unincorporated Religious based' and
                    eleemosynary society)" in accord with Title 26 U.S.C. 508(c)(1)(A), wherein
                    "**(c) Exceptions, (1) Mandatory exceptions**, Subsections (a) and (b) shall
                    not apply to—**(A)** churches, their integrated auxiliaries, and conventions or
                    associations of churches." As this religious office is by definition nontaxable,
                    it may or may not have a Taxpayer Identification Number. Furthermore, the
                    premises of the case of NLRB v. CATHOLIC BISHOP OF CHICAGO, 440
                    U.S. 490 (1979) and Watson v. Jones, 80 U.S. 679 (1871), shall apply herein.

Minute No. 2:       In accord with Minute No. 1 stated above, the new capacity of the First
                    Trustee hereby elects to have this Trust organization operate in the capacity
                    of the nature of a "PMA" aka "Private Member Association" that will operate
                    in accord with the mission statement stated in the religious corporation sole
                    and hereinafter. See attachment.

Minute No. 3        All internal disputes and contracts exterior to this Republic based trust shall
                    be resolved in private arbitration in accordance with the premises of P.L. 97-
                    280 (96 Stat. 1211), St. Nicholas Cathedral v. Kedroff, 363 U.S. 190 (1960),
                    Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. ___ (2019), the
                    Federal Arbitration Act, the Religious Freedom Restoration Act, Univ. of
                    Great Falls v. Natl. Labor Relations Board, DC Ct. Appeals 00-1415 (2002),
                    Stevens v. Berger, 428 Fed. Sup. 896 (1977), and Bryce v. Colorado District
                    Church of the Nazarene, No. 00-1515 (10 Cir. 2002).

_____
**Amos B. Miller, First Trustee**

**AMOS MILLER ORGANIC FARM TRUST**                                    Page 1 of 1