1 Amos: Miller, living man
On the county at Large, lancaster
2 Non-Domestic
c/o: 648 Millcreek School Road
3 Bird-in-Hand, Pennsylvania [17505]
Propria persona

4

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

8 UNITED STATES OF AMERICA,      )  **Case No.: 19-1435**
                                 )
         Plaintiff,              )
9                                )  **Notice of Lack of Due Process**
         v.                      )  **Notice of Violation of U.C.C.**
10                               )  **§3-603**
MILLER'S ORGANIC FARM            )  **Lodgment of Appellate Brief in**
11                               )  **Lieu of Order to Show Cause**
AMOS MILLER,                     )  **Response**
                                 )
12        Defendant.             )
   _____ )
13                               )
Amos: Miller, Real Party in      )
14 Interest (RPII)               )
   _____ )
15
                    CAUSE NO: 19-1435
16
             AN AUTHENTICATED FOREIGN DOCUMENT
17
            HAGUE CONVENTION, 5 OCTOBER 1961
18
      AFFIDAVIT PUBLIC NOTICE, HONORABLE CLARIFICATIONS
19
       Comes Now, Amos Miller RPII, Holder-in-Due-Course (HDC),
20
Secured Party Creditor (SPC), Legal/Equitable Title Principal
21
Owner in relation to the AMOS BLANK MILLER ESTATE, In Propria
22
Persona, the Defendant in the above titled cause; 19-1435,
23
hereby notices and lodges the following with this.
24
       RPII, HDC, SPC as defendant (after filing notice of
25
Interlocutory Appeal regarding tender of payment to settle ALL

OUTSTANDING liabilities) previously **moved the court for a stay**

**of proceedings, ECF 184.** Said Motion for stay was responded to by opposition for denial, ECF 185. As of this date, August 15, 2022 (1500 EST), pacer.gov shows no order of denial, but based upon previous actions of the court, this litigant expects Judge to just summarily sign the proposed order.

### DUE PROCESS ISSUE

It is a fundamental issue of law that a party must be served documents in order to respond to opposition. It has now been observed that the AUSA Sullivan is serving documents on (former counsel) Steven Lafuente, Squire, Bar member, but is failing to serve the Real Party In Interest, Amos Miller, or, if said service is being mailed it is not being delivered to Amos Miller. Whatever the case may be, Amos Miller is not getting documents filed by the AUSA Gerald B. Sullivan.

### BREACH OF LAW

It is a matter of law that a payment tendered is a payment paid.

**UCC § 3-603. TENDER OF PAYMENT.**
(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
(b) **If tender of payment of an obligation to pay an instrument is made** to a person entitled to enforce the instrument and the tender is refused, **there is discharge**, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

For even entertaining such an Order to Show Cause (see ECF 182, 183, and 185), it would appear that the AUSA, Clerk of Court and Judge, are in breach of Trust Law.

**LODGMENT OF APPELLATE BRIEF**

**IN LIEU OF ORDER TO SHOW CAUSE RESPONSE**

In lieu of tendering prolix into this record regarding the discharge, RPII hereby lodges a copy of the Interlocutory Appeal regarding the bonds tender for settlement.

Respectfully submitted this 15th day of August 2022.

Amos: Miller, living man
Real Party in Interest (RPII)
Holder-in-Due-Course,
Secured Party Creditor,
Principal Owner

**CERTIFICATE OF SERVICE**

I, Amos Miller, serving in Propria Persona, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" [federal and State Government] that I am at least 18 years old, a citizen of one of the united states of America, as I personally served the following document(s) by placing one true and correct copy of document(s) via U.S. Mail with postage paid and properly addressed to the following:

        United States District Court
        Attn: Clerk of Court
        601 Market Street
        Philadelphia, Pennsylvania 19106
        USPS Certified Mail ___EI 227 006 002 US___

And one copy via Certified U.S. Mail addressed as follows on or about this 17th day of August 2022;

        GERALD B. SULLIVAN
        ASSISTANT U.S. ATTORNEY – US ATTY'S OFFICE
        615 CHESTNUT ST., STE. 1250
        PHILADELPHIA, PA 19106-4476
        USPS Certified Mail ___EI 227 006 016 US___

And one copy via Certified U.S. Mail addressed as follows on or about this 17th day of August 2022;

        STEVEN LAFUENTE
        THE LAFUENTE LAW FIRM, PLLC
        THANKSGIVING TOWER
        1601 ELM STREET
        FLOOR 33
        DALLAS, TX 75201
        USPS Certified Mail ___EI 227 006 020 US___

        Amos: Miller, living man
        Real Party in Interest (RPII)

Case No. 22-1838

# UNITED STATES COURTS OF APPEALS

# FOR THE THIRD CIRCUIT

---

MILLERS ORGANIC FARM, et. al.,

Defendant-Appellant,

v.

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

---

On Appeal from the United States District Court

for the EASTERN DISTRICT OF PENNSYLVANIA

Brief of Appellant Amos-Blank: Miller

Amos-Blank: Miller, Pro Per

On the county at Large, lancaster
c/o 648 Mill Creek School Road,
Bird-in-Hand, Pennsylvania [17505]
Telephone: 717-556-0672

## TABLE OF CONTENTS

Page(s)

Table of Contents ................................................................. 2

Table of Authorities .............................................................3-4

Statutes & Rules.....................................................................4

Statement of Subject Matter and Appellate Jurisdiction ................6-16

Statement of the Issues Presented for Review .............................17-18

Statement of the Case ...................................................19-20

Statement of the Facts .................................................21-22

Summary of the Argument ..................................................23

Argument ....................................................................24-34

Conclusion ...........................................................................35

Certificate of Compliance ...................................................36

Certificate of Service ....................................................37-38

## Table of Authorities

**CONSTITUTIONAL PROVISIONS:**

U.S. Constitution, Art 1, S8, Cl. 17, Commerce Clause......................34


**CASES**

Black Diamond S. S. Corp. v. Robert Stewart & Sons, 336 U.S. 386
(1949)...............................................................................................33

Continental Oil Co. v. Bonanza Corp., 677 F.2d 455, (5th Cir. 1982)...32

Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, (1870)...............31, 32

Perry v. United States, 294 U.S. 330 (1935)..............................8, 25, 26

Queen Ins. Co. of America v. Globe & Rutgers Fire Ins. Co., 263 U.S. 487,
493, (1924) ......................................................................................32

Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310 (1955)...32


**STATUTES**

Title 12 U.S.C. §266.................................................................6, 17, 21, 35

Title 26 U.S.C. §6325......................................................................22, 35

Title 28 U.S.C. 581(a)(3).........................................................................6

Title 28 U.S.C. §3002 (4)..........................................................................7

Title 28 U.S.C. 2041...............................................................................20

Title 31 U.S.C. 5118(d)(2)......................................................................21

Title 50 U.S.C. §4312...............................................................................6

Pennsylvania Consolidated Statutes, Ch. 7 and 53...............18, 26, 29

**UNIFORM COMMERCIAL CODE**

Colorado UCC-1 master file # 20222032048 ...................................8, 19

Legal Notice and Demand

Colorado UCC-1 Amendment validation #20222032094...................19

U.C.C. §1-201(2)......................................................................................7

U.C.C. §1-201 (14)..................................................................................7

U.C.C. §1-201 (27)..................................................................................7

U.C.C. §3-302(A)(2).................................................................................7

U.C.C. §3-503(1)(c).................................................................................21

U.C.C. §2-511..........................................................................................20

U.C.C. §3-603.................................................................................20, 28, 30

U.C.C. §5-102(6)..................................................................................7, 20

U.C.C. §9-105........................................................................................7, 20

U.C.C., Article 9.......................................................................................9

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 8 (e) ...............................................................................................7

## FEDERAL RULES OF EVIDENCE

Fed. Rules Evid. 201(b), (c)(2), and (d)..................................................8

## PUBLIC LAW

H.J.R.-192.............................................................................................21

P.L. 73-10.............................................................................................21

Maternity Act of 1921..........................................................................21

Federal Deposit Insurance Corporation..............................................6

Packers and Stockyards (P&S) Act......................................................28

## REGULATIONS

Title 31 C.F.R. 363.6 ....................................................................8,17,23

Title 48 C.F.R. Ch. 1, 53.228 Bonds and Insurance...17-19, 23, 29, 35, 37

## GENERAL LEGAL REFERENCES

Benedict on Admiralty..........................................................................28

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

### Subject Matter Jurisdiction

Defendant-Appellant is an HDC, SPC, infra. Therein, Defendant-Appellant is the owner, title holder to the AMOS BLANK MILLER ESTATE property, not the U.S. Army General of the Attorneys, aka United States Attorney General, or his delegate, the U.S. Attorney, Title 28 U.S.C. §581(a)(3) as the Defendant-Appellant holds both legal and equitable title to his estate and not the USAG as codified at Title 50 U.S.C. §4312, "common-law trustee."

The U.S. Attorney allegedly for USA, Plaintiff-Appellee are "fiscal agents of the United States [Treasury]", Title 12 U.S.C. §266, this is automatically a federal subject matter for purposes of discharge that is subject to the Federal Deposit Insurance Corporation, which was replaced by the U.S. Congressional Bank Insurance Fund.

The Bank Insurance Fund (BIF) was a unit of the Federal Deposit Insurance Corporation (FDIC) that provided insurance protection for

banks that were not classified as a savings and loan association. The BIF

was created as a result of the savings and loan crisis that occurred in

the late 1980s.

## Status of Defendant-Appellant and Trial Court

Aggrieved party (U.C.C. §1-201(2)) Amos-Blank: Miller (hereinafter

Aggrieved party), appears here and in the trial court as Sui Juris,

Secured Party (U.C.C. §9-105), NON-PERSON (UCC §1-201 (27)), NON-

CITIZEN, NON-RESIDENT, NON-DEBTOR (28 U.S.C. §3002 (4)), NON-

CORPORATED, NON-FICTION, NON-SUBJECT, NON-PARTICIPANT in any

government programs, a Living flesh and blood man standing on the

ground, SPC, under Special Appearance (Rule 8 (E)) not Generally,

(U.C.C. §1-201 (14)), Holder-In-Due-Course (U.C.C. §3-302 (A) (2)) of all

documentation (U.C.C. §5-102 (6)) of the "Entity" Cestui Que Vie trust

Amos-Blank: Miller ©TM, representing the Corporate Fiction AMOS

BLANK MILLER. Under no circumstances is the Defendant-Appellant

"Pro Se" as this Petition is filed under the Holder-In-Due-Course; Amos-

Blank: Miller of the "Cestui Que Vie trust" of AMOS BLANK MILLER.

As previously disclosed to the lower court:

Defendant-Appellant appears as Holder-in-Due-Course (HDC), Secured Party Creditor (SPC), in his Sovereign capacity. See Perry v. United States, 294 U.S. 330 (1935), "sovereignty resides in the people…"

**The status of Defendant-Appellant is noted as operating in Propria Persona and not Pro Se status on the following grounds.**

Defendant-Appellant is an adult and is not a minor, or in need of representation by an attorney.

Pursuant to Title **31 CFR §363.6**, "**minor**" and "**minor account**," is defined as

> *"**Minor** means an <u>individual</u> under the age of 18 years. The term <u>minor</u> is also used to refer to an <u>individual</u> who has attained the age of 18 years but has not yet taken control of the securities contained in his or her <u>minor account</u>."*

> *"**Minor account** means an <u>account</u> that a custodian controls on behalf of a <u>minor</u>, that is linked to the custodian's <u>primary account</u>. (See <u>§§ 363.10</u> and 363.27 for more information about minor accounts.)"*

Therein, HDC/SPC is an adult, Estate Principal Owner, and is not a "minor" in this legal relation, nor is he operating in "Agency" in relation to the estate, see UCC1 number 20222032048, filed with **State of Colorado**, Secretary of State, Fed. Rules Evid. 201(b), (c)(2),

and (d) applies. NOTE: at the time of the UCC filing the State of New York (being the filing region) was still in transition to an electronic filing system and was still operating on year 2002 forms via fax and hardcopy. This is why the filing was performed in State of Colorado pursuant to U.C.C., Article 9.

## LEGAL RELATION

Pursuant to **Title 31 CFR § 103.121** Customer Identification Programs for banks, savings associations, credit unions, and certain non-Federally regulated banks, this legal relation is governed under banking rules.

Therein, (a) Definitions. For purposes of this section:
(1)(i) Account means a formal banking relationship established to provide or engage in services, dealings, or other financial transactions including a deposit account, a transaction or asset account, a credit account, or other extension of credit. Account also includes a relationship established to provide a safety deposit box or other safekeeping services, or cash management, custodian, and trust services.
(ii) Account does not include:
(3)(i) Customer means:
(A) A person that opens a new account; and
(B) An individual who opens a new account for:
(1) An individual who lacks legal capacity, such as a minor; or
(2) An entity that is not a legal person, such as a civic club.
(ii) Customer does not include:
(A) A financial institution regulated by a Federal functional regulator or a bank regulated by a state bank regulator;
(B) A person described in § 103.22(d)(2)(ii) through (iv); or

(C) A person that has an existing account with the bank, provided that the bank has a reasonable belief that it knows the true identity of the person.

It would appear that UCC Article 8, sections 106 and 107 (i.e. **UCC 8-106 and 8-107**) would apply in this legal relation as Real Party In Interest, HDC, SPC, Principal Owner is appearing in proper capacity, i.e. in Propria Persona.

Also, it would appear that UCC 2a-105 would apply herein.

**UCC 2A-105. TERRITORIAL APPLICATION OF ARTICLE TO GOODS COVERED BY CERTIFICATE OF TITLE.**
Subject to the provisions of Sections 2A-304(3) and 2A-305(3), with respect to goods covered by a <u>certificate of title issued under a statute of this State or of another jurisdiction</u> **[i.e. the UCC filing]**, compliance and <u>the effect of</u> compliance or <u>noncompliance with a certificate of title statute are governed by the law</u> (including the conflict of laws rules) <u>of the jurisdiction issuing the certificate</u> until the earlier of (a) surrender of the certificate, or (b) four months after the goods are removed from that jurisdiction and thereafter until a new certificate of title is issued by another jurisdiction.

The following definitions apply to this proceeding. Taken from

THELAW.COM LAW DICTIONARY & BLACK'S LAW DICTIONARY 2ND ED.

**SIT IN CAMERA**
To hold court in a private hearing or within the confines of the judge's chambers.

**IN CAMERA**
Latin term for in chambers. A review or session of a court or other judicial body that is closed and conducted in private or in a judge's chambers. In chambers; in private. A cause is said to be heard in camera either when the hearing is had before the judge in his private room or when all spectators are excluded from the courtroom.

**CAMERA**
**In old English law.** A chamber, room, or apartment; a judge's chamber; a <u>**treasury**</u>; a chest or coffer. Also, a stipend payable from vassal to lord; an annuity. Camera regis. In old English law. A chamber of the king; <u>a place of peculiar privileges **especially in a commercial point of view**</u>. Camera scaccarii. <u>**The old name of the exchequer chamber**</u>, (q. v.)Camera stellata. The star chamber, (q. v.)

**Chambers**
In practice. <u>The private room or office of a judge</u>; any place in which a judge hears motions, signs papers, or <u>does other business pertaining to his office, when he is not holding a session of court</u>. **Business so transacted is said to be done "in chambers."** In re Neagle (C. C.) 39 Fed. 855, 5 L R. A. 78; Von Schmidt v. Widber, 99 Cal. 511, 34 Pac. 109; Hoskins v. Baxter, 64 Minn. 226, 66 N. W. 969. The term is also applied, in England, to the private office of a barrister. In international law. Portions of the sea cut off by lines drawn from one promontory to another, or included within lines extending from the point of one cape to the next, situate on the sea coast of the same nation, and which are claimed by that nation as asylums for merchant vessels, and exempt from the operations of belligerents.

**Sittings**

In practice. The holding of a court with full form, and before all the judges; as a sitting in banc. 3 Steph. Comm. 423. The holding of a court of nisi prius by one or more of the judges of a superior court. Instead of the ordinary nisi prius judge. 3 Steph. Comm. 422. Sittings after term. Sittings in bono after term were held by authority of the St. 1 & 2 Vict. c. 32. The courts were at liberty to transact business at their sittings as in term-time, but the custom was to dispose only of cases standing for argument or judgment. Wharton. Sittings in bank or bane. The sessions of a court, with the full bench present, for the purpose of determining matters of law argued before them. Sittings in camera. See CHAMBERS.

**Sit**

**To hold court**, e.g. a judge will sit on the bench. To hold a session, as of a court, grand Jury, legislative body, etc. To be formally organized and **proceeding with the transaction of business**.

**CONFIRMATION HEARING**

The hearing in a Chapter 13 case in federal bankruptcy court where a judge decides whether the debtor's proposed repayment plan is sufficient and can be approved.

**INNER HOUSE**

The name given to the chambers in which the first and second divisions of the court of session in Scotland hold their sittings. See OUTER HOUSE.

**PRESENCE OF THE COURT**

Within the sight and the hearing of the judge or other members of the court. Usually used with regard to contempt of court.

## COURTS DEFINED

The courts have **Pacific Industrial Codes** (PIC), **Standard Industrial Codes** (SIC), **North American Industry Classification System** (NAICS), **Defense Logistics Information Service** (DLIS) under the Department of Defense (DOD), the **Data Universal Numbering System** (DUNS) and the **Commercial and Government Entity Code** (CAGE)(essentially the court's bank account number), and the lack of an oath of office by many "Judges" and "Clerks of Court" all demonstrate that said legal system is operating as a commercial court system **FOR PROFIT** and **not a constitutionally based court system** that is fair and equitable.

The **N**orth **A**merican **I**ndustry **C**lassification **S**ystem or **NAICS is used by business and government to classify business establishments** according to type of **economic activity** (process of production) in Canada, Mexico, and the United States of America.

The **C**ommercial **a**nd **G**overnment **E**ntity Code, or **CAGE Code**, is a **unique identifier assigned to suppliers to various government** or defense agencies, as well as to government agencies themselves and

also various organizations. CAGE codes provide a standardized method of identifying a given facility at a specific location.

The move from using DUNS numbers as the **Unique Entity ID (UEI)** to the new, **SAM-issued UEI** is a federal government-wide initiative. The process started more than four years ago and is set to conclude on April 4th, 2022.

A **D**ata **U**niversal **N**umbering **S**ystem (DUNS) number is a nine-digit code established by Dun & Bradstreet which has become a standard business identifier throughout the world. DUNS numbers are often required in order to perform government contracts for many federal agencies.

The **C**ourt **R**egistry **I**nvestment **S**ystem (CRIS) is an **interest-bearing cash management tool** administered by the Administrative Office of the U.S. Courts that provides Clerks with an easy, efficient, and safe way to comply with federal requirements concerning the handling of Court Registry Funds.

It is said that a "court", in its most basic sense, is a place where a contract is made. Therefore, without a proper constitutional oath of office, it shall be deemed and construed by default (until contrary evidence appears in this court record), that Judge operates via private contract and is assuming to have jurisdiction over this matter.

The Parties set the terms and conditions on the contract with the court to mediate the alleged controversy.

Therein, in conclusion, <u>a court is a "Privately Owned Trading Company" operating as a bank to settle controversies, causes of action, and orders distribution of proceeds for settlement</u>.

The trial court operated on the premise that the United States Department of Agriculture had authority to make decisions over property exchanged in a private club-based organization by private contract. Defendant-Appellant objected of course to no avail. However, Defendant-Appellant suffers the dubious handicap of not being allowed to sue the United States Department of Agriculture because of the threat of being shunned by orders of the Amish Elders. Therein, to date

Defendant-Appellant has only been allowed to "pay" through discharge to settle the penal/ty sum.

## Filing Dates

Plaintiff-Appellees filed the trial court case (19-1435) on April 4, 2019, Docket Entry 1. The Judge issued an order to ignore the tendered bonds as "of no value" in the April 22nd, 2022, hearing. **See attached transcript of the hearing.**

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Pursuant to FRAP 28(a)(5) the issues/questions that will be presented for review:

Defendant-Appellant, former "minor" (31 CFR 363.6), converted his status to Holder-in-Due-Course, Secured Party Creditor, Principal Owner of his Estate. He made deposit with his securities held by the United States Treasury to the United States Treasurer for Treasury Direct Account for performing discharge of liabilities.

Therein, all banks are "fiscal agents of the United States [Treasury]" in accord with Title 12 U.S.C. 266. The court operates as a bank.

1. Has Title 48 Code of Federal Regulations (Ch. 1, 53.228) in relation to bonds and insurance been made null and void?

2. Can the Presiding Judge issue an order that effectively negates Title 48 Code of Federal Regulations (Ch. 1, 53.228) in relation to tendering bonds for payment?

3. Can the Presiding Judge issue an order that negates using bonds for payment/settlement of commercial liabilities such as a court generated penalty sum?

4. Can bonds be used in accord with the nature of the Official Code of Pennsylvania, Consolidated Statutes, Chapters 7 and 53 that allows a party to discharge debts using bonds?

5. Can Judge and Clerk of Court in error engage in restraint of trade and due process violations by restricting said discharge?

6. Can the Trial Court avoid discharge of said penal/ty sum debt through use of bonds in accord with Title 48 C.F.R. Ch. 1, Part 53.228?

7. Can the trial court evade its duty to perform discharge regarding the penalty sum?

8. Can the court ignore the nature of the Bills of Exchange Act as it applies to discharging said liabilities in accord with Title 48 C.F.R. Ch.1, Part 53.228?

## **STATEMENT OF THE CASE**

Defendant-Appellant (Real Party in Interest (RPII)) moved the trial

court for the purpose of performing a discharge of outstanding

commercial liabilities imposed by Plaintiff-Appellees.

Said cause of action was for the purpose of charging Defendant-

Appellant for an alleged regulatory infraction related to activities

allegedly regulated by the United States Department of Agriculture.

Said debt was discharged through bonds issued through the

International Bond Market via Title 48 C.F.R. Ch. 1, Part 53.228.

Defendant-Appellant is the Principal Owner, Holder-in-Due-Course,

Secured Party Creditor to the AMOS BLANK MILLER ESTATE, see ECF

160 (Affidavit of Notice), Colorado UCC1 filing number 20222032048

and Colorado UCC1 Amendment 20222032094.

Said bonds (backed by a (U.S.) Treasury Direct Account) were issued

from the AMOS BLANK MILLER ESTATE as Amos-Blank: Miller, living

man, is the HDC, SPC.

It would appear that the following sections of the Uniform Commercial Code would apply to said legal relations:

U.C.C. 2-511. Tender of Payment by Buyer; Payment by Check.

U.C.C. 3-603. Tender of Payment.

U.C.C. 5-102(6). Definitions. Document.

U.C.C. 9-105. Control of Electronic Chattel Paper.

Clerk of Court is a bank clerk. Judge is a Fiduciary, Trustee Banker operating with banker responsibilities in the nature of **Title 28 U.S.C. 2041**, Deposit of moneys in pending or adjudicated cases.

Judge Edward Smith blocked due process, engaged in restraint of trade, and did not allow the discharge of the penal/ty sum.

## STATEMENT OF THE FACTS

Defendant-Appellant was charged for regulatory infractions. Plaintiff-Appellees operate in the nature of Title 12 USC §266, as "fiscal agents of the United States [treasury]."  Plaintiff-Appellees received payment in discharge by and through the Trial Clerk of Court via bonds. Defendant-Appellant sought to discharge ("pay") and settle said debt. See UCC §3-503(1)(c).

In accordance with Title 12 USC §266, Plaintiff-Appellees as "fiscal agents of the United States [Treasury],..." and have a "known legal duty" or "duty of care" (see Ellinger's Modern Banking Law 5th Ed. by Ellinger, Lomnicka, and Hare) to accept, process and discharge the debt in question.

Defendant-Appellant is a depositor in accord with the Maternity Act of 1921 aka Sheppard-Towner Act, in accord with H.J.R.-192, P.L. 73-10, codified at 31 USC 5118(d)(2) as described in accord with the Law of

Future Interest as it relates to International World Banking Rules of

Basell II, future-labor-interest deposit backed currency.

   Pursuant to Title 26 U.S.C. §6325, Release of lien or discharge of

property, bonds can be used to discharge liabilities.

## SUMMARY OF THE ARGUMENT

Plaintiff-Appellee charged Defendant-Appellant for alleged United States Department of Agriculture violations. Appellant discharged the penal/ty sum debt. Appellant sought assistance from the trial court to recognize and process the discharge using bonds. Trial court Judge dishonored said bonds as having "no value." Defendant-Appellant has a large amount of funds on deposit with the United States Treasurer. Defendant-Appellant is without adequate resources to discharge said penal/ty sum without accessing the Treasury Direct Account for discharge. The method of access is the use of bonds in accord with Title 48 C.F.R. Ch. 1, 53.228. Therein, trial judge created an impossibility in law.

## **ARGUMENT**

Appellant is not a "minor" as defined at Title 31 C.F.R. §363.6.

Appellant made claim to his securities, as demonstrated in ECF 160

(Affidavit of Notice), UCC1, UCC1 Amendment proving RPII is a Holder-

in-Due-Course, Secured Party Creditor, Principal Owner of his estate,

AMOS BLANK MILLER.

Therein, Defendant-Appellant is the "Holder for value" of a preceding

consideration with the U.S. Treasury's "fiscal Agent" aka Plaintiff-

Appellee's and issued "valuable consideration for a bill may be

constituted by- (b) an antecedent debt or liability. Such a debt [in this

case by Defendant-Appellant against the U.S. Treasury's "fiscal Agent's"

Plaintiff-Appellee] or liability is deemed valuable consideration whether

the bill is payable on demand or at a future time."   See Bills of Exchange

Act, infra.

Pursuant to the Bills of Exchange Act of 1968 a "Holder" is defined as

"payee...of a bill or note who is in possession of it" aka "Bearer" means

"the person in possession of a bill or note which is payable to bearer." In

other words, the Clerk of Court "trustee" of the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA is the "Holder"/ "Bearer" of the penal/ty sum debt.

As stated on page 13 of the 1968 "Bill of Exchange Act," "but if the bill in the hands of a holder in due course, a valid delivery of the bill by all parties prior to him so as to make them liable to him is conclusively presumed."

Pursuant to Perry v. United States, 294 U. S. 349 (1935) "2. The Joint Resolution of June 5, 1933, insofar as it undertakes to nullify such gold clauses in obligations of the United States and provides that such obligations shall be discharged by payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts, is unconstitutional. P. 294 U. S. 349."

Therein, the bonds tendered discharged the penal/ty sum commercial paper liability.

"The Joint Resolution of June 5, 1933, had enacted that such bonds should be discharged by payment, dollar for dollar, in any coin or

currency which, at time of payment, was legal tender for public and private debts." Perry, supra.

The Pennsylvania legislature created the ability to discharge a lien, debt by filing a bond. The Official Code of **Pennsylvania, Consolidated Statutes, Chapters 7 and 53** allows a party to discharge debts using bonds.

**Consolidated Statutes of Pennsylvania**

**Title 53, PART VII, TAXATION AND FISCAL AFFAIRS**

**SUBPART B, INDEBTEDNESS AND BORROWING**

**CHAPTER 80, GENERAL PROVISIONS**

**SUBCHAPTER A, PRELIMINARY PROVISIONS,**

**§ 8002.  Definitions.**

**(c)Other definitions**

**"Bond or note."**  Any instrument issued by a local government unit imposing an obligation for the repayment of money borrowed, but not including a guaranty endorsed on an instrument issued by an authority. Unless otherwise indicated, the term does not include tax

anticipation notes. A **bond** or a note which is a security as defined in 13 Pa.C.S. Div. 8 (relating to investment securities) shall be governed by 13 Pa.C.S. Div. 8, and every other bond or note shall be governed by 13 Pa.C.S. Div. 3 (relating to negotiable instruments), except in each case as otherwise provided in this subchapter.

**"General obligation."**  In the title of a bond or note, means a **bond or note for the payment of which the full faith, credit** and taxing power of the local government unit is pledged, for the payment of which the local government unit has entered into the required covenant under section 8104 (relating to covenant **to pay bonds** or notes or a guaranty) and **for the payment of** which no specific **revenues** are pledged.

**"Guaranty."** A guaranty, whether conditional or unconditional and whether full or partial, to or for the benefit of holders of bonds or notes of the local government unit or holders of bonds or notes or other obligations of an authority or another local government unit, of

the payment of the principal of and interest on the bonds or notes, the premium, if any, and assumed taxes, if any, on those obligations.

The **United States Department of Agriculture has its own rules for accepting bonds for settlement of claims, bills, presentments for discharge. Therein, even the alleged complaining party (Paul J. Flanagan, Agent USDA) is required to accept bonds for settlement in accord with U.C.C. §3-603.**

"Bonding is one form of financial protection offered under the **Packers and Stockyards (P&S) Act**. A bond is a written guarantee of payment up to the face amount of the bond if you, as the principal, fail to meet your obligations for the covered business activities. Three different types of financial instruments are available to satisfy your bond requirement: (1) Surety Bond; (2) Trust Agreement, or (3) Trust Fund Agreement. You can use one or any combination of financial instruments to satisfy your required bond amount. Hereafter, any reference to a surety,

bond, or any financial instrument will be referred to simply as a

bond."

See   https://www.ams.usda.gov/rules-regulations/packers-and-

stockyards-act/regulated-entities/how-to-comply-bond-

requirement

In the United States, Bonds and Insurance fall under Special Rules

of Admiralty and Maritime Jurisdiction.

Therein, Title 48 CFR Ch.1, 53.228 is applicable for discharge in

addition to the nature of California Civil Code §8424, Mechanics Lien

Release Bond, or the applicable State Code (**Penn. Consolidated**

**Statutes**, Ch. 7 and 53) on using bonds to settle commercial liabilities.

It is a principal of law that "**A payment tendered is a payment**

**paid**."

**UCC § 3-603. TENDER OF PAYMENT.**

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) **If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused**, **there is discharge**, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the

obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

Bonds and insurance fall within the confines of admiralty jurisdiction, see Benedict on Admiralty.

With admiralty jurisdiction comes the application of substantive admiralty law. Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 25, 20 L.Ed. 90 (1870) states: "Admiralty jurisdiction defines also the place or territory where the law maritime prevails."

"And plainly, we think, [no state's] legislation is valid if it contravenes the essential purpose expressed by an act of Congress or works material prejudice to the characteristic features of the **general maritime law** or interferes with the proper harmony and uniformity of that law in its international and Interstate relations." [244 U.S. at 215-16, 37 S.Ct. at 528-29] Southern Pacific Company v. Jensen, 244 U.S. 205, 37 S.Ct. 524 (1917).

The law of marine insurance has never been codified in the United States. However, the basic substantive law of marine insurance is

federal maritime law, (Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 20

L.Ed. 90 (1870); DeLovio v. Boit, 7 F.Cas. 418, 1997 AMC 550

(C.C.D.Mass.1815) (No.3776)), and the Supreme Court has stated that

United States courts should look to English law for the applicable rules

because of the "special reasons for keeping in harmony with the marine

insurance laws of England, the great field of this business." [Queen Ins.

Co. of America v. Globe & Rutgers Fire Ins. Co., 263 U.S. 487, 493, 44

S.Ct. 175, 176, 68 L.Ed. 402 (1924)] However, in Wilburn Boat Co. v.

Fireman's Fund Ins. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955),

the Supreme Court ruled that in the absence of a controlling federal

admiralty law principle to guide the resolution of a particular issue, <u>the

courts must apply the applicable state law rule</u>.

　　Wilburn Boat does not change the initial inquiry of the courts in

interpreting a policy of marine insurance to determine whether there is

an established federal maritime law rule. [Continental Oil Co. v.

Bonanza Corp., 677 F.2d 455, 461, 1983 AMC 387 (5th Cir.1982)]

In practice the application of the Wilburn Boat doctrine means that marine insurance in the United States will be dominated by state law rules; most federal courts simply recite the rule and apply state law. Many (probably most) in the admiralty bar would favor the enactment of a Federal Marine Insurance Act such as the British Marine Insurance Act of 1906.

For a Court Officer in any UNITED STATES court system to deny settlement ability in this subject matter would appear to constitute gross misconduct, gross misrepresentation, which "shocks the conscience", in violation of the premises of **Black Diamond S. S. Corp. v. Robert Stewart & Sons, 336 U.S. 386 (1949)**.

"Admiralty practice is a unique system of substantive law and procedure with which members of this Court are singularly deficient in experience."

"The proceeding is conducted in **two stages**. In **the first** or **preliminary stage** the owner petitions for relief from personal liability, is required either to surrender his interest in the ship and her

freight or to stipulate, with adequate bond, to pay into court its value.

The statute says, **'Upon compliance with the requirements of this**

**section all claims and proceedings against the owner with respect**

**to **630 the matter in question shall cease.'** At this point an

**important change in the nature of the proceeding occurs.**

**The proceeding continues as a proceeding in rem against either the**

**ship or the fund as the res.** Our rules provide that when petitioner

complies with the court's order as to surrender or bond, the court

shall issue a monition requiring all persons asserting claims to file the

**\*401** same and may also issue injunction against the further

prosecution of suits against either the owner or the vessel. **Rule 51.**

**The court then adjudicates the claims and apportions the available**

**fund among them.** Rule 52. The owner is at liberty to contest his

liability or the liability of the vessel 'provided he shall have complied'

with the requirements of surrender or deposit as above set forth.

Rule 53."

Therein, Defendant-Appellant served said "Holder" via its Clerk of Court with registered Bonds for discharge in accordance with Title 48 C.F.R. Ch. 1, 53.228.

Therein, the term "Drawer" is defined (Black's Law Dictionary, 6th Ed., page 495) as "The person who draws a bill or draft" or in this case "bonds" is the Defendant-Appellant.

Therein, the term "Drawee" is defined (Black's Law Dictionary, 6th Ed., page 495) as "The drawee of a check [bonds] is the bank [U.S. Treasury] on which it is drawn." Therein, the U.S.D.C. Clerk of Court is a "fiscal agent of the United States [Treasury]", see Title 12 U.S.C. §266.

Therein, the term "Discharge" is defined (Black's Law Dictionary, 6th Ed., page 463) as it applies to "contract" as "To cancel the obligation of a contract; to make an agreement or contract null and inoperative."

Pursuant to **Title 26 U.S.C. §6325(a)(2) and (b)(1)**, Release of lien or discharge of property, bonds can be used to discharge liabilities.

Therein, upon the issuing of bonds drawn on Defendant-Appellant's Treasury Direct Account and tendered to the trial Clerk of Court, the legal liability known as the "penal" or "penalty" sum is "discharged."

Therein, the trial court has a "known legal duty" to carry out the discharge of Defendant-Appellant's alleged debt incurred by and through agents of the Plaintiff-Appellee, in this case, United States Department of Agriculture.

## **CONCLUSION**

In accord with F.R.A.P. 28(a)(10) and Title 48 C.F.R. Ch.1, 53.228,

Defendant-Appellant is seeking relief from the appellate court to order

the United States District Court to allow petitioner to discharge the

stated penalty sum charged in the trial court for all outstanding

commercial liabilities lodged against Defendant-Appellant using the

tendered bonds. To do otherwise allows for restraint of trade and

violates U.S. Constitution, Art 1, S8, Cl. 17, Commerce Clause.

Respectfully submitted,

Amos Blank: Miller, Pro Per
Defendant-Appellant

## **CERTIFICATE OF COMPLIANCE**

I, Amos-Blank: Miller, certify that this brief contains 14,000 words or

less.

## U.S COURT OF APPEALS FOR THE THIRD CIRCUIT
## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLSOURE STATEMENT

Amos Miller (HDC, SPC, Principal Owner) (**Payor**)
MILLERS ORGANIC FARM (Defendant) (Charged Party)

Steven Lafuente, Esquire (Bar Member)(**Foreign Agent, Trespasser**)
THE LAFUENTE LAW FIRM, PLLC
Thanksgiving tower
1601 Elm Street, Floor 33
Dallas, Texas [75201]

Gerald B. Sullivan (**Charging Party**)
Assistant U.S. Attorney - US ATTY'S OFFICE
615 Chestnut Street, Ste. 1250
Philadelphia, Pennsylvania [19106-4476]

Paul J. Flanagan (**Complaining Party**, Agent USDA)
United States Department of Agriculture

Clerk of Court (**Payee**)(receiver of Bonds)
United States District Court
Eastern District of Pennsylvania (Allentown)

**Judge** Edward G. Smith (USDC Trial Court)

**Magistrate** Judge Marilyn Heffley (USDC Trial Court)

United States Treasury (**Banker** for Defendant-Appellant)
1500 Pennsylvania Avenue NW
Washington, DC 20220

Depository Trust Company (Banker/**Bond Processor** for Defendant-Appellant)
55 Water Street, 1SL
New York, New York [10041-0099]

## United States Court of Appeals for the Third Circuit

CAPTION:

MILLERS ORGANIC FARM, et. al.
               Defendant-Appellant,

**CERTIFICATE OF SERVICE**
**Docket No. 22-1838**

      vs.

UNITED STATES OF AMERICA,
               Plaintiff-Appellee.

    I, **Amos-Blank: Miller**, hereby certify under penalty of perjury that on _8/17/2022_

(date),

I served a copy of Appellant's APPEAL.

By (select all applicable)

                    ____ United State mail
                    ____ Federal Express
                    _X_ Overnight Mail
                    ____ Facsimile
                    ____ E-mail
                    ____ Hand Delivery

On the following parties (complete all information and add additional pages as necessary):

    **STEVEN LAFUENTE**
    **THE LAFUENTE LAW FIRM, PLLC**
    **THANKSGIVING TOWER**
    **1601 ELM STREET, FLOOR 33**
    **DALLAS, TEXAS 75201**
    **Certified Mail #** _EL 227 006 020 US_

_8/17/2022_
Today's Date

                                  Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

### United States Court of Appeals for the Third Circuit

CAPTION:

MILLERS ORGANIC FARM, et. al.
               Defendant-Appellant,

       vs.

UNITED STATES OF AMERICA,
               Plaintiff-Appellee.

**CERTIFICATE OF SERVICE**
**Docket No. 22-1838**

I, **Amos-Blank: Miller**, hereby certify under penalty of perjury that on ___8/17/2022___

(date),

I served a copy of Appellant's APPEAL.

By (select all applicable)

           ____ United State mail
           ____ Federal Express
           _X__ Overnight Mail
           ____ Facsimile
           ____ E-mail
           ____ Hand Delivery

On the following parties (complete all information and add additional pages as necessary):

    **GERALD B. SULLIVAN**
    **ASSISTANT U.S. ATTORNEY - US ATTY'S OFFICE**
    **615 CHESTNUT ST., STE. 1250**
    **PHILADELPHIA, PENNSYLVANIA 19106-4476**
    **Certified Mail #** ___ET 227 006 016 US___

___8/17/2022___
Today's Date

_____
Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

AFFIDAVIT OF THOMAS C. STEIDEL

State of Pennsylvania
County of Lancaster

Thomas C. Steidel, being duly sworn deposes and states as follows under penalty of perjury:

1. My name is Thomas C. Steidel, I am presently 74 years old, and my current address of residence is 507 Wickshire Cir, Lititz, Pennsylvania 17543.

2. The purpose of this Affidavit is to document the question of one Amos B. Miller directed to Judge Edward G. Smith, Presiding, United States District Court, Eastern District of Pennsylvania, in the Court's Status Conference Call of Friday, 22 April 2022, and the Judge's response to that question..

3. Mr. Amos Miller asked Judge Smith, "What liabilities have not been discharged by the bonds in the Affidavit of Notice filed with the Court on Tuesday {19 April 2022}?" The Judge, after requesting Mr. Miller to repeat his question, replied, "That was a very interesting document that has no legal significance at all, so the answer is none.".

I hereby swear or affirm that the information above is true accurate and complete to the best of my knowledge, and that no relevant information has been omitted.

Dated:
5/18/2022

Signature of Individual:

On this 18th day of May, 2022, Thomas C. Steidel, personally known by me by presentment of satisfactory evidence, has affirmed and signed this affidavit in my presence, and has presented the Compact Disc containing the quoted statements for my examination, and I hereby affirm that his representations in this affidavit are true, accurate and complete to the best of my understanding.

Notary Public

[Seal]
Commonwealth of Pennsylvania - Notary Seal
Audrey Caleca, Notary Public
Lancaster County
My commission expires June 15, 2024
Commission number 1269794
Member, Pennsylvania Association of Notaries

# PRIORITY
## MAIL
## EXPRESS®

RECEIVED
1 8 2022

## FLAT RATE
## ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2





UNITED STATES POSTAL SERVICE | PRIORITY MAIL EXPRESS

EI 227 006 002 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE 717-556-0672

Amos Miller
648 Mill Creek School Rd
Bird-in-Hand, PA 17505

Lack of Due Process etal

TO: (PLEASE PRINT)

US District Court East PA
601 Market St  Attn: Clerk of
Philadelphia PA          Court

ZIP + 4® (U.S. ADDRESSES ONLY)

19106-

■ For pickup or USPS Tracking,™ visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**PEEL FROM THIS CORNER**

PO ZIP Code  17543
Scheduled Delivery Date  8/18/22
Postage  $ 26.95
Date Accepted  8/17/22
159

  

UNITED STATES
POSTAL SERVICE®