IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 19-cv-1435 |
| v. | : | |
| | : | |
| MILLER'S ORGANIC FARM and AMOS MILLER, | : | |
| | : | |
| Defendants. | : | |

### THIRD CONSENT DECREE

**WHEREAS**, on November 19, 2019, the Court entered a permanent injunction (ECF 44) (the "November 2019 Injunction Order") against Amos Miller and Miller's Organic Farm (collectively, "Defendants" or "Miller's") in this action that arises under the Federal Meat Inspection Act, 21 U.S.C. § 601, et seq. ("FMIA"), and the Poultry Products Inspection Act, 21 U.S.C. § 451, et seq. ("PPIA") (collectively, "the Acts");

**WHEREAS**, on February 7, 2022, the Court entered an enforcement Order (the "Second Contempt Sanctions Order") that included further injunctive provisions and benchmarks for assessing Defendants' future compliance (ECF 143, ¶¶ 116-119, 154-55);

**WHEREAS**, as used in this Third Consent Decree, "amenable" refers to beef, hogs, sheep, goats, and poultry that are subject to the Acts and their implementing regulations that USDA/FSIS enforces;

**WHEREAS**, as used in this Third Consent Decree, "*and*" and "*or*" are not intended as words of limitation;

**WHEREAS**, the parties (the United States of America, Amos Miller, and Miller's Organic Farm) have reached agreement and specifically consent to the Court's entry of

the below-described provisions (the "Third Consent Decree") as a further judgment in this action;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. In order to clarify that Defendants may now market and sell amenable meats and poultry from third-party, **USDA-inspected establishments** to Defendants' customers, Paragraph 118 of the Court's Second Contempt Sanctions Order is modified to permit Defendants to take, to send, or to have sent/delivered to any USDA/FSIS-inspected establishment (and only to USDA/FSIS-inspected establishments) amenable livestock and poultry for slaughter and processing for human consumption.

2. Under that same Paragraph 118, Defendants remain precluded from **themselves** conducting livestock/poultry slaughter and processing that are intended for sale, resale, offer for sale, transportation, donation, or distribution to Defendants' customers or elsewhere. This does not preclude, however, slaughter and processing that is for Amos Miller's or his family members' personal consumption to the extent consistent with 9 C.F.R. §§ 303.1(a) and 381.10(a)(3), because such personal-use slaughter and processing remains permitted under the Court's orders.

3. Under Paragraph 118 of the Second Contempt Sanctions Order, Defendants also remain precluded from **themselves** receiving, handling, and storing any amenable meat or poultry products that are intended for sale, resale, offer for sale, transportation, donation, or distribution to Miller's customers or elsewhere. The amenable products to which this continuing injunction applies include but are not

limited to: (a) meat and poultry products produced as permitted in Paragraph 1, above; (b) non-federally inspected meat and poultry products; and (c) "exempt" meat and poultry products. This continuing injunction applies regardless of whether such amenable products are marked "Private Membership Association," "Not for Sale," "Not for Resale," or "Exempt(ed) P.L. 90-492."

4. For any USDA/FSIS-inspected and passed meat, poultry, meat food products, and poultry products produced for or on behalf of Miller's, only a federally inspected establishment or a properly licensed distributor—such as a State-licensed warehouse or distributor—may store and distribute the articles or products. This requirement applies, for example, when such an establishment or distributor fulfills orders from Miller's customers.

5. No amenable meat, poultry, meat food products, or poultry products produced for or on behalf of Miller's (including any unwanted or condemned articles such as lungs, "specified risk materials," and other condemned items) may be returned or transported to, or stored at, any Miller's location for purposes of further distribution, offer for sale, sale, or donation to Defendants' customers. As used in this paragraph, "any Miller's location" includes, but is not limited to, Miller's properties at 648 Mill Creek School Road and 672 Mill Creek School Road in Bird-in-Hand, Pennsylvania, and any other location owned by or leased by Defendants, any successor in interest, or their agents or employees. This Paragraph 5 does not preclude Defendants from contracting with other individuals and entities for distribution, offer for sale, sale, or donation of Miller's amenable meat, poultry, meat food products, and poultry products to Defendants' customers.

3

6. Paragraphs 118 and 119 of the Second Contempt Sanctions Order are modified to allow Defendants and their agents to advertise and market USDA/FSIS-inspected and passed meat, poultry, meat food products, and poultry products on Defendants' and their agents' existing web platforms, but only on condition that all such articles and products are produced, handled, and distributed in accordance with the above paragraphs. Further, these modifications do not affect Defendants' independent responsibility for complying with relevant provisions of the laws of the Commonwealth of Pennsylvania.

7. The limited modifications to the Second Contempt Sanctions Order that are stated above will remain in effect only on condition (and to the extent) that Defendants provide to the United States, in writing, advance written notice specifically identifying: (a) the name and address of any federally inspected establishment that Miller's will be using for slaughter or processing under Paragraph 1, above; (b) the names and addresses of distributors where such articles and resulting products will be held and stored and from which they will be distributed; (c) the name and address of any person/entity that will be taking Miller's online orders for amenable meat, poultry, meat food products, or poultry products; (d) the method(s) for customer ordering of the articles and products (in-person, call-in, fax, etc.); (e) who (or what entity) will be shipping the articles and products from federal establishments to distributors; (f) who (or what entity) will be recording and maintaining the inventory of the articles and products; and (g) who (or what entity) will be creating and maintaining all related records and contracts. Such written notice may be by email and must be provided to the

4

undersigned Assistant United States Attorneys at least ten business days before the first use of each such establishment, distributor, entity, person, and method.

8. The above-stated, limited modifications to the Second Contempt Sanctions Order are effective only on further condition that Defendants create, maintain, and make immediately available to USDA/FSIS, upon the agency's request, contemporaneous records documenting all meat-and-poultry-related transactions and distributions, as required under 21 U.S.C. §§ 460(b) and 642 and 9 C.F.R. §§ 320.1 and 381.175.

9. This agreement of the parties is without prejudice to the United States' ability, in the event of future non-compliance, to ask the Court to reimpose the above-modified provisions in their pre-modified or another form.

10. This agreement is likewise without prejudice to Defendants' ability later to argue that they have achieved further compliance over such a sufficient period that further relief from the Court's orders should be granted.

11. Except to the extent either directly contrary to (or expressly superseded by) the terms of this Third Consent Decree, or already made moot, the Court's November 2019 Injunction Order (including its provisions regarding "custom exempt" and "retail exempt" operations), Second Contempt Sanctions Order, and other enforcement orders remain fully in effect.

12. The Court contemplates that USDA/FSIS, within that agency's jurisdiction, will continue to conduct oversight of Defendants and will continue to take appropriate product control and enforcement action in the event of violations of the Acts.

13. Defendants agree to cooperate with USDA/FSIS' efforts to verify compliance with the terms of this Third Consent Decree.

14. Under the November 2019 Injunction Order, the Court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Third Consent Decree. Should Defendants fail to abide by and perform all the terms and conditions set forth herein or in such further decrees as may be entered in this action, the United States of America shall apply only to this Court for relief, and any alleged violation of this Decree shall be adjudicated by the Court.

15. This Decree may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall together constitute one and the same integrated Decree. A facsimile signed copy of this Decree shall have the same force and effect as an original signed copy.

**AGREED AND CONSENTED TO:**

_____
Robert E. Barnes, Esquire
Attorney for Defendants
Miller's Organic Farm
and Amos Miller

JACQUELINE C. ROMERO
United States Attorney

_____
Gregory B. David
Assistant United States Attorney
Chief, Civil Division

_____
Fernando I. Rivera
Gerald B. Sullivan
Assistant United States Attorneys

**SO ORDERED THIS** 4th **DAY OF** August , **2023.**

BY THE COURT:

*/s/ Edward G. Smith*
_____
EDWARD G. SMITH, J.